**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1264**

ROBERTO TRUJILLO,

    Plaintiff – Appellant,

  v.

LANDMARK MEDIA ENTERPRISES, LLC; DOMINION ENTERPRISES, INC.; FRANK BATTEN, JR.; THERESA F. BLEVINS; SUSAN R. BLAKE; JACK J. ROSS; MELODI ALBERT,

    Defendants – Appellees.

--------------------------------

SECRETARY OF LABOR,

    Amicus Supporting Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:15-cv-00518-RAJ-RJK)

Argued: March 21, 2017        Decided: May 11, 2017

Before MOTZ, TRAXLER, and AGEE, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

**ARGUED**: Roberto Trujillo, Richmond, Virginia, Appellant Pro Se. William McCardell Furr, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellees. Stephen Silverman, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Amicus Curiae. **ON BRIEF**: Jerrauld C.C. Jones, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellees. M. Patricia Smith, Solicitor of Labor, G. William Scott, Associate Solicitor for Plan Benefits Security, Thomas Tso, Counsel for Appellate and Special Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Trujillo appeals a district court order that primarily dismisses his claim alleging retaliation under section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140. *See* Fed. R. Civ. P. 12(b)(6). We reverse.

I.

The facts alleged in the complaint are as follows. Dominion Enterprises, Inc., hired Trujillo in January 2015 as its Director of Benefits and Safety. After Trujillo assumed that position, his name was added to the signatory authority list for Dominion's § 401(k) plan, as well as the retirement plan of Dominion's parent company, Appellee Landmark Media Enterprises, LLC. The Vanguard Group, an asset management company, administered these retirement plans.[*]

Around May 2015, as part of an audit, Trujillo discovered that Vanguard had not been properly vesting participants in the Landmark retirement plan, causing participants who should have been vesting to lose employer contribution matching funds. These funds were diverted to Landmark's forfeiture account, where they were used to benefit Landmark. The handling of these funds was pursuant to the directions of Landmark; Appellee Teresa F. Blevins, the CFO of Landmark and Dominion; and Appellee Susan R. Blake, the Vice President of Human Resources for Landmark and Dominion, all of whom are fiduciaries of the Landmark retirement plan under ERISA, *see* 29 U.S.C. § 1002(a).

---

[*] Because this appeal stems from the grant of a motion to dismiss, we accept as true all well-pled facts in Trujillo's complaint and construe them in the light most favorable to him. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

3

Trujillo also discovered during an audit of the Dominion § 401(k) plan that certain employee contributions were not being properly segregated from payroll. In connection with these audits, Trujillo updated Blevins and Blake on the nature and extent of the errors. Trujillo submitted weekly reports, coordinated meetings with Blevins's staff, and discussed matters with Landmark's and Dominion's ERISA counsel.

In September 2015, one month before the deadline for filing IRS Form 5500, an annual report required by ERISA that must be filed with the Department of Labor and the Internal Revenue Service, Blevins replaced the firm it had initially retained to conduct the audits with a local auditing firm on a trial basis because the firm's staff included a newly hired senior manager who was a former executive of Landmark and Dominion. Blevins also transferred internal management of the benefit plan audits from the benefits department to her finance and accounting staff, and then threatened, a week before the Form 5500 deadline in October, not to sign off on financial statements required to complete the Form 5500 filings for the retirement plans.

In October 2015, Trujillo met with, among others, the Vice President of Tax and Audit for Landmark, ERISA counsel, and counsel that Blevins had hired for a second opinion. As Trujillo finalized efforts to complete the required Form 5500s, Dominion's Chief Accounting Officer advised Trujillo that the Appellees would follow Trujillo's recommended strategy for completing the Form 5500 filings. Before signing the Form 5500s, Trujillo made edits to the "rep letters" – letters by management confirming representations made to the independent auditor – that were to be attached to the Form 5500s, detailing how the errors in the retirement plans violated ERISA. Appellees

4

rejected these edits but submitted the forms with Trujillo's signature by the October 15 deadline. Trujillo was fired less than a week later.

In December 2015, Trujillo filed a complaint in the district court alleging that he was terminated in retaliation for giving information regarding the ERISA violations in the course of the plan audits, in violation of ERISA section 510, 29 U.S.C. § 1140, and that the Appellees defamed him by falsely claiming that he submitted false reviews of Dominion on Glassdoor, a website where current and former employees rate their companies. The Appellees moved to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), and Trujillo opposed the motion.

The district court granted Appellees' motion and dismissed Trujillo's complaint. Relying on our decision in *King v. Marriott International, Inc.*, 337 F.3d 421 (4th Cir. 2003), the court ruled that Trujillo failed to allege that he testified or gave information in any "inquiry or proceeding." After dismissing Trujillo's ERISA claim, his sole federal claim, the court declined to exercise supplemental jurisdiction over his state-law defamation claim. *See* 28 U.S.C. § 1367.

## II.

Trujillo now contends that the district court erred in dismissing his ERISA claim. We agree.

We review de novo a district court's dismissal of an action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 445-46 (4th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

5

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The fact that a plaintiff's claim does "not fall within the four corners of our prior case law . . . does not justify dismissal under Rule 12(b)(6). On the contrary, Rule 12(b)(6) dismissals are especially disfavored in cases where the complaint sets forth a novel legal theory that can best be assessed after factual development." *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015). "Indeed, as the law firms up in unsettled areas, it may be more feasible to dismiss weaker cases on the pleadings; otherwise, plaintiffs should be given an opportunity to develop evidence before the merits are resolved." *Id.* (alteration and internal quotation marks omitted).

ERISA's anti-retaliation statute reads, in pertinent part: "It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to [ERISA]." 29 U.S.C. § 1140. In *King*, we analyzed the proper scope of the phrase "inquiry or proceeding." Relying on a case interpreting "proceeding" in the Fair Labor Standards Act, and noting that "testified or is about to testify" precedes "inquiry or proceeding," we ruled that "inquiry or proceeding" in section 510 "is limited to the legal or administrative, or at least to something more formal than written or oral complaints made to a supervisor." *King*, 337 F.3d at 427. Thus, because the plaintiff in *King* had not testified in a proceeding or given information in such a proceeding, and instead had done nothing more than "file[] internal complaints with some of her co-workers, her

6

supervisor, and some of Marriott's attorneys" regarding the transfer of certain funds, her actions were not protected under section 510.  *Id.* at 428.

Here, Trujillo and the Secretary of Labor, in an amicus brief, argue that Trujillo's complaint sufficiently alleged that he was terminated for giving information in an "inquiry" because he alleged that he was fired for giving information in legally required audits and in the preparation of the Form 5500.  Appellees dispute that Trujillo's complaint adequately alleges that he was terminated for participating in the audits or for filing a Form 5500.  Appellees alternatively contend that neither such audits nor a Form 5500 filing constitutes an "inquiry" within the meaning of section 510.

Given the novel nature of the legal questions presented in this case regarding the scope of the term "inquiry or proceeding," we conclude that allowing for greater factual development before delving into these critical questions of statutory interpretation is the most prudent course.  *See Wright*, 787 F.3d at 263.  Once the record more clearly reflects Trujillo's exact role in the audits and the precise reasons for his various communications, for example, the district court and this court will be much better positioned to address the important and unresolved legal questions that this case presents.  *See id.*  We therefore reverse the dismissal of Trujillo's complaint.

III.

For the foregoing reasons, we reverse the dismissal of Trujillo's complaint and remand for further proceedings.

*REVERSED AND REMANDED*