**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMAD ALI TALAIE, an individual on behalf of himself and all others similarly situated; ROSA W. TALAIE, an individual on behalf of herself and all others similarly situated, *Plaintiffs-Appellants*, v. WELLS FARGO BANK, NA; US BANK NA, National Association as Trustee, *Defendants-Appellees*. | No. 13-56314 D.C. No. 2:12-cv-04959-DMG-AGR OPINION |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted
November 2, 2015—Pasadena, California

Filed December 14, 2015

Before: William A. Fletcher and Ronald M. Gould, Circuit
Judges, and Dana L. Christensen,[*] Chief District Judge.

Opinion by Judge Gould

---

[*] The Honorable Dana L. Christensen, Chief District Judge for the U.S.
District Court for the District of Montana, sitting by designation.

## SUMMARY[**]

### Truth in Lending Act

The panel affirmed the district court, and held that 15 U.S.C § 1641(g), a 2009 amendment to the 1968 Truth in Lending Act which requires a creditor who obtains a mortgage loan by sale or transfer to notify the borrower on the transfer in writing, does not apply retroactively because Congress did express a clear intent that it do so.

### COUNSEL

Lenore L. Albert (argued), Huntington Beach, California, for Plaintiffs-Appellants.

Paul W. Sweeney (argued), Kevin S. Asfour, and Nancy C. Hagan, K&L Gates LLP, Los Angeles, California, for Defendants-Appellees.

### OPINION

GOULD, Circuit Judge:

We consider the retroactivity of 15 U.S.C. § 1641(g), a 2009 amendment to the 1968 Truth in Lending Act (TILA). Section 1641(g) requires a creditor who obtains a mortgage

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

loan by sale or transfer to notify the borrower of the transfer in writing. Although several district courts have issued decisions on this statute's retroactive effect, this is an issue of first impression in our circuit.

Plaintiffs Mohammad and Rosa Talaie brought a putative class action against Wells Fargo Bank and U.S. Bank, alleging various federal and state law claims arising out of the modification of the deed of trust for the Talaies' home. One of Plaintiffs' claims is that Defendants did not comply with § 1641(g).[1] Judicially noticed securitization contracts establish that Wells Fargo transferred Plaintiffs' deed of trust to U.S. Bank in 2006, three years before Congress enacted § 1641(g). The reporting requirement of § 1641(g) would apply to this loan transfer only if § 1641(g) had retroactive effect. For the reasons that follow, we hold that 15 U.S.C. § 1641(g) does not apply retroactively.

Section 1641(g) requires that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer," and must include the date of the transfer, contact information for the new creditor, and other relevant information. 15 U.S.C. § 1641(g). If the new creditor does not comply with this duty, Congress authorized the borrower to sue the creditor to recover actual damages, a statutory penalty of up to $4,000 in individual claims or up to $1 million in a class action, plus costs and attorney's fees. 15 U.S.C. § 1640(a).

---

[1] We resolve all other issues and affirm the district court in a memorandum disposition filed concurrently with this opinion.

In general, retroactive application of statutes is disfavored. The Supreme Court has held that the presumption against retroactive legislation is "deeply rooted in our jurisprudence," and can only be overcome where Congress expresses a clear and unambiguous intent to do so. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994). In *Landgraf*, the Court considered § 102 of the Civil Rights Act of 1991, which created a right to recover compensatory and punitive damages for certain violations of Title VII of the Civil Rights Act of 1964. *Landgraf*, 511 U.S. at 247. Section 102 significantly expanded the monetary relief available to plaintiffs entitled to back pay under prior law, and also gave monetary relief for "some forms of workplace discrimination that would not previously have justified *any* relief under Title VII." *Id.* at 254. The issue was whether § 102 applied to conduct predating its enactment. The Supreme Court, in declining to make the statute retroactive, first observed the principle that "the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place," to avoid the "unfairness of imposing new burdens on persons after the fact." *Id.* at 265, 270. If a new statute would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed," then courts should not give retroactive effect to the statute without "clear congressional intent favoring such a result." *Id.* at 280.

Here, § 1641(g) was introduced by Senator Boxer on May 1, 2009 as an amendment to Senate Bill 896. 155 Cong. Rec. S5027-03 (2009). Senator Boxer stated that while existing law required that borrowers be informed of a change in *servicer* of their mortgage loan, there was no such notice requirement for a change in loan owner. 155 Cong. Rec. S5098–99 (2009). The amendment was meant to provide

"borrowers with the basic right to know who owns their loan by requiring that any time a mortgage loan is sold or transferred, the new note owner shall notify the borrower within 30 days . . . ." *Id.* Senator Boxer noted that "[t]his is a very narrowly targeted amendment with little cost to the industry." *Id.*

Retroactive application of § 1641(g) would implicate the concerns highlighted in *Landgraf*, 511 U.S. at 280. First, retroactive application would impair rights Defendants possessed when they acted, because, consistent with the loan documents and the law at the time they were signed, Defendants had a right to sell or transfer the loan without notice to the borrower. Second, retroactive application of the statute would increase Defendants' "liability for past conduct," because the 2009 TILA amendments provide new private rights of action including damages, attorney's fees, and statutory penalties, for failure to give notice of a loan transfer. *Id.*; *see* 15 U.S.C. § 1640(a). Third, retroactive application would impose "new duties" on transactions already completed; the very purpose of the statute was to require a loan transferee to give notice where none was previously required. *See* 16 U.S.C. § 1641(g); 155 Cong. Rec. S5098–99. Given that all three of the retroactivity concerns in *Landgraf* are present, we next determine whether Congress expressed a clear and unambiguous intent that § 1641(g) apply retroactively. *Landgraf*, 511 U.S. at 280.

There is no clear indication, in § 1641(g)'s text or in its legislative history, that Congress intended for it to apply to loans that had been transferred before its enactment. The statute requires notice within 30 days of loan transfer and authorizes damages and statutory penalties for failure to comply. 15 U.S.C. §§ 1641(g)(1), 1640(a). If the statute

were given retroactive effect, this 30-day reporting period would have already lapsed for all loan transfers that occurred more than a month before enactment, and it would have been impossible for those creditors to comply with the reporting requirement. It is unlikely that Congress would have broadly subjected creditors to civil liability and statutory penalties without at least giving them a way to comply with § 1641(g) for loan transfers that predated its enactment. We conclude that Congress did not make any such intention clear or unambiguous. *See Landgraf*, 511 U.S. at 268.

Congress has demonstrated, moreover, that it knows how to specify the effective date of statutory provisions. First, another provision of TILA, 15 U.S.C. § 1641(f), states that "[t]his subsection shall apply to all consumer credit transactions in existence or consummated on or after September 30, 1995." This effective date for a parallel statutory provision strongly suggests that § 1641(g), which does not specify an express date, applies prospectively but does not extend to loan transfers predating its enactment. Second, Public Law 111-22, which implemented § 1641(g) along with several other TILA amendments, provided a "retroactive effective date" for a different component of the same bill. Section 105, which addressed the distribution of funds under the Neighborhood Stabilization Program, includes a "retroactive effective date" stating that the amendment "shall take effect as if enacted on the date of enactment of the Foreclosure Prevention Act of 2008 (Public Law 110-289)." P.L. 111-22, 123 Stat. 1632, 1638 (2009).

We hold that § 1641(g) does not apply retroactively because Congress did not express a clear intent that it do so. *Landgraf*, 511 U.S. at 280. Our holding is consistent with numerous district court decisions interpreting § 1641(g). *See,*

*e.g.*, *Bradford v. HSBC Mortg. Corp.*, 829 F. Supp. 2d 340, 353 (E.D. Va. 2011); *Diunugala v. JP Morgan Chase Bank, N.A.*, No. 12-2106, 2015 WL 3966119, at *4 (S.D. Cal. Jun. 30, 2015); *Zinzuwadia v. Mortg. Elec. Registr., Inc.*, No. 12-2281, 2013 WL 6782856, at *11–12 (E.D. Cal. Dec. 19, 2013).

**AFFIRMED.**