**DLD-216**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3383
_____

CHRISTOPHER M. COLEMAN, JR.,
                                                                    Appellant

v.

SECRETARY UNITED STATES DEPARTMENT
OF HOMELAND SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-00857)
District Judge:  Honorable Timothy J. Savage
_____

Submitted on a Motion for
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2016

Before: CHAGARES, GREENAWAY, JR., and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 17, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Christopher M. Coleman appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which dismissed his complaint against the Secretary of the Department of Homeland Security ("DHS"). As no substantial question is raised by the appeal, we will grant the Secretary's motion to summarily affirm the Court's judgment. See L.A.R. 27.4.

Coleman's complaint alleges that he was employed by the Transportation Security Administration ("TSA"), an agency within the DHS, as a Transportation Security Officer ("TSO"). In July of 2013, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that TSA was harassing him because he missed work due to health conditions. Sometime thereafter, Coleman was terminated; the TSA said his termination was because he suffered from major depressive disorder. Coleman then filed a second complaint with the EEOC.

After filing an earlier counseled complaint,[1] Coleman filed the pro se complaint at issue here in 2015, complaining of the same conduct alleged in the first complaint. Coleman's complaint was ostensibly brought under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, but the District Court also generously

---

[1] Coleman filed a counseled federal lawsuit in 2014, raising claims under the Rehabilitation Act and the Family and Medical Leave Act. The defendants filed a motion to dismiss arguing that his Rehabilitation Act claim was precluded by the Aviation and Transportation Security Act ("ATSA"), 49 U.S.C. § 44935, and that the District Court lacked jurisdiction to consider his Family and Medical Leave Act claim. Coleman's attorney then voluntarily dismissed the complaint without prejudice under Rule 41(a)(1)

2

considered the complaint as raising a federal claim under the Rehabilitation Act, 29 U.S.C. § 794, and a state-law defamation claim. The District Court granted the Secretary's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), and Coleman timely appealed. The Secretary has asked us to summarily affirm the District Court's judgment.

We exercise plenary review over a district court's decision to grant a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 530 (3d Cir. 2012). In reviewing an order granting a motion under Rule 12(b)(1), we must determine whether the allegations in the complaint, taken as true, allege facts sufficient to invoke the District Court's jurisdiction. Common Cause v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009).

We agree with the District Court that even accepting all of Coleman's allegations as true, the District Court lacked jurisdiction over his claims. First, we agree that Coleman's claims against the Secretary in his official capacity are barred by the doctrine of sovereign immunity, as the DHS has not consented to suit. See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); Kentucky v. Graham, 473 U.S. 159, 166-67 (1985) (person sued in official capacity can claim immunities available to the agency, such as sovereign immunity). Second, any ADA claim against TSA fails as government agencies are excluded as "employers" under the ADA. 42 U.S.C. § 12111(5)(B)(i). Third, any claim under the Rehabilitation Act fails as the ATSA precludes TSOs from

---

of the Federal Rules of Civil Procedure.   3

bringing claims under that Act against the TSA.  See 49 U.S.C. § 44935; Field v. Napolitano, 663 F.3d 505, 512 (1st Cir. 2011) (listing cases).[2]  Fourth, 18 U.S.C. § 1001 does not provide a private right of action.  See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); see also Wisniewski v. Rodale, Inc., 510 F.3d 294, 301 (3d Cir. 2007) (explaining test for finding implied private right of action).  And finally, because the District Court properly dismissed all federal claims in Coleman's complaint, the District Court properly declined to exercise supplementary jurisdiction over Coleman's defamation claim.  See 28 U.S.C. § 1367; Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).[3]

For the foregoing reasons, we will affirm the District Court's judgment.[4]

---

[2] As the Secretary argues, "The ATSA . . . provides that 'notwithstanding any provision of law,' 49 U.S.C. § 44935(e)(2)(A), at a minimum, screeners must 'possess basic aptitudes and physical abilities, including color perception, visual and aural acuity, physical coordination, and motor skills,' id. § 44935(f)(1)(B), and must 'meet such other qualifications as the [TSA Administrator] may establish,' id. § 44935(e)(2)(A)(iv)."  Motion for Summary Affirmance at 3-4.  As explained in Field, these provisions evidence Congress' intent to preclude suits by TSA employees under the Rehabilitation Act and the ADA.  663 F.3d at 511-12.

[3] Before dismissing a deficient complaint with prejudice, a court generally must inform the plaintiff that he has leave to amend within a set time period.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  But such leave need not be granted where amendment would be futile.  See id.  Due to the preclusive effect of the ATSA, it appears that any amendment would have been futile.  Further, this was already Coleman's second attempt to bring suit on the same factual basis.

[4] In his complaint, Coleman contends that he should have been granted a hearing and should have been appointed counsel.  But because the District Court lacked jurisdiction, neither of these things was warranted.

4