**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER ZEPPEIRO,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>GMAC MORTGAGE, LLC,<br><br>        Defendant,<br><br> and<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, as Trustee for Fixed to Floating Rate Non-Cumulative Preferred Non-Cumulative Preferred Stock Series 1; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AKA MERS,<br><br>        Defendants-Appellees. | No. 13-55420<br><br>D.C. No.  2:12-cv-05357-ABC-RZ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 27, 2016[**]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Peter Zeppeiro appeals from the district court's judgment dismissing his action alleging federal and state law claims related to the foreclosure of his home. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Zeppeiro's Truth in Lending Act claim under 15 U.S.C. § 1641(g) was proper because this provision was not enacted until 2009, years after the assignment at issue, and this provision does not apply retroactively. *See Talaie v. Wells Fargo Bank*, 808 F.3d 410, 411 (9th Cir. 2015) ("15 U.S.C. § 1641(g) does not apply retroactively.").

Zeppeiro contends that dismissal of his claim challenging defendants' standing to foreclose on his property was improper because under the California Court of Appeal's decision in *Glaski v. Bank of America, National Association* 110 Cal. Rptr. 3d 449 (Ct. App. 2013), he may base such a claim on defendants'

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

allegedly untimely assignment of his loan into a securitized trust. However, after the California Supreme Court's decision in *Yvanova v. New Century Mortgage Corporation*, 365 P.3d 945 (Cal. 2016), the California Court of Appeal has held that an untimely assignment into a securitized trust is not void, but merely voidable, and that borrowers lack standing to challenge such assignments. *See, e.g.*, *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 790, 796 (Ct. App. 2016). Accordingly, dismissal of Zeppeiro's claim challenging the foreclosure of his home on this ground was proper.

The district court did not abuse its discretion by denying Zeppeiro leave to amend because amendment would have been futile. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) ("The district court did not err in denying leave to amend because amendment would have been futile."); *see also Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) ("We review the denial of leave to amend for an abuse of discretion.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**