NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL A. FAZIO; KIM M. FAZIO, | No. 14-16336 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-00538-GEB-KJN |
| v. | |
| WASHINGTON MUTUAL BANK, F.A.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Michael A. Fazio and Kim M. Fazio appeal pro se from the district court's

judgment dismissing their action alleging Fair Debt Collection Practices Act

("FDCPA") and other federal and state law claims.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6) for failure to state a claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed the Fazios' FDCPA claim under 15 U.S.C. § 1692e because the Fazios failed to allege facts sufficient to show that JPMorgan Chase Bank, N.A. was a "debt collector" and the alleged communications were attempts to collect a "debt" under the FDCPA. *See* 15 U.S.C. § 1692a(6)(F)(ii) (excluding from definition of "debt collector" a creditor collecting debts on its own behalf); *Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017) (explaining that "while the FDCPA regulates security interest enforcement activity, it does so *only* through Section 1692f(6)," and that "[a]s for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt").

The district court properly dismiss the Fazios' FDCPA claim under 15 U.S.C. § 1692f(6) because the Fazios failed to allege facts sufficient to show that defendants' conduct was unfair or unconscionable. *See* 15 U.S.C. § 1692f(6); *Ho*, 858 F.3d at 573 (§ 1692f(6) protects a consumer only against abusive practices of a security enforcer); *Dowers*, 852 F.3d at 971 (discussing protections for borrowers set forth in § 1692f(6)).

14-16336

The district court properly dismissed the Fazios' Truth in Lending Act claim under 15 U.S.C. § 1641(g) because this provision was not enacted until 2009, after the transfer or assignment at issue, and this provision does not apply retroactively. *See Talaie v. Wells Fargo Bank*, 808 F.3d 410, 411 (9th Cir. 2015) (holding that "15 U.S.C. § 1641(g) does not apply retroactively").

The district court properly dismissed the Fazios' Racketeer Influenced and Corrupt Organizations Act ("RICO") claim because the Fazios failed to allege facts sufficient to show a RICO enterprise or predicate act. *See United Brotherhood of Carpenters v. Building and Construction Trades Dep't*, 770 F.3d 834, 837 (9th Cir. 2014) (setting forth elements of civil RICO claim).

The district court did not abuse its discretion in dismissing the Fazios' declaratory relief claim. *See* 28 U.S.C. § 2201; *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995) (standard of review).

The district court properly dismissed the Fazios' claims against the defendants who did not move to dismiss the complaint. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

The district court did not abuse its discretion by taking judicial notice of the

contents of the Purchase and Assumption Agreement. *See* Fed. R. Evid. 201(b)(2) (court may take judicial notice of a fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *United States v. Woods*, 335 F.3d 993, 1000-01 (9th Cir. 2003) (setting forth standard of review); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (stating that in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the district court may consider "matters properly subject to judicial notice").

The district court did not abuse its discretion by denying the Fazios leave to file an amended complaint because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**