# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2021

Lyle W. Cayce
Clerk

No. 20-10632

DINA SENGA KASWATUKA,

*Plaintiff—Appellant*,

*versus*

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-947-A

Before STEWART, COSTA, and WILLETT, *Circuit Judges*.
CARL E. STEWART, *Circuit Judge*:

Plaintiff-Appellant Dina Senga Kaswatuka appeals the district court's grant of summary judgment against her in her employment discrimination suit. We AFFIRM.

## I. FACTS & PROCEDURAL HISTORY

Kaswatuka worked at the Dallas Fort Worth International Airport as a security officer for the Department of Homeland Security Transportation Security Administration ("TSA"). She alleges that she was discriminated against on account of her race, national origin, sex, and disability. She sued

DHS under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 *et seq.*, and 42 U.S.C. § 1983.

DHS filed a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Kaswatuka did not file a response, and the district court granted DHS's motion. Plaintiff now appeals.

## II. Discussion

We review the district court's grant of a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim de novo. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762–63 (5th Cir. 2011). When a defendant raises lack of subject-matter jurisdiction in a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. *See id.* at 762. In reviewing a district court's dismissal for failure to state a claim, we accept well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Id.* at 763. However, a complaint is properly dismissed if the plaintiff fails to plead sufficient facts "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We will review each of Kaswatuka's arguments and claims in turn.

*1. Waiver*

Kaswatuka never responded to DHS's motion to dismiss. On appeal, she raises arguments that she did not make before the district court, such as her claim that the district court could exercise jurisdiction under the Uniform Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et seq.* "[A]rguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate

No. 20-10632

'extraordinary circumstances.'" *State Indus. Prods. Corp. v. Beta Tech., Inc.*, 575 F.3d 450, 456 (5th Cir. 2009) (citations omitted). As Kaswatuka did not respond to the motion to dismiss, Kaswatuka's appellate arguments are limited to "urging that the grounds given by the district court for dismissing her complaint are wrong." *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 276 n.1 (5th Cir. 1990) (per curiam), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071, *as recognized in CBOCS W. Inc. v. Humphries*, 553 U.S. 442, 450 (2008).

Kaswatuka argues that she lacked notice of DHS's motion to dismiss. She states that she "never received a copy from the defendant," and references a defect in the electronic filing system, but also states that "all filing notices were entered by the Clerk and delivered" and that the "Judge, court, and clerk communicated with plaintiff by mail." The record reflects that the Assistant United States Attorney attested that she served the motion on Kaswatuka by certified mail at the address provided. Given that the record demonstrates that Kaswatuka did have notice of the motion to dismiss filed against her, and Kaswatuka has not demonstrated the presence of extraordinary circumstances, Kaswatuka's arguments unrelated to the grounds on which her claims were dismissed are waived.

*2. ADA Claim*

Kaswatuka brought a claim under the ADA. While the ADA "applies only to public entities," such as private employers, Kaswatuka's claim could theoretically be construed as a claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits disability discrimination in federally-funded programs. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). "The provisions of the ADA are made applicable to federal employees through the Rehabilitation Act." *Crawford v. U.S. Dep't of Homeland Sec.*, 245 F. App'x 369, 380 n.6 (5th Cir. 2007). However, the Aviation and Transportation

Security Act ("ATSA"), 49 U.S.C. § 44935, precludes any claim of disability discrimination.

The ATSA was enacted following the attacks of September 11, 2001 and established the TSA. *See Field v. Napolitano*, 663 F.3d 505, 508 (1st Cir. 2011); 49 U.S.C. § 114. The ATSA affords the TSA Administrator discretion in developing employment standards for airport security screeners. *Id.* § 114(e). The ATSA states that "[t]he Administrator shall establish qualification standards for individuals to be hired . . . as security screening personnel. *Notwithstanding any other provision of law,* those standards shall require, at a minimum, an individual . . . to meet such other qualifications as the Administrator may establish[.]" 49 U.S.C. § 44935(e)(2)(A)(iv) (emphasis added). It also explains that "[n]otwithstanding any other provision of law," screeners must "possess basic aptitudes and physical abilities, including color perception, visual and aural acuity, physical coordination, and motor skills[.]" 49 U.S.C. § 44935(f)(1)(B).

"[T]he use of . . . a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section." *Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993). As sections of the ATSA conflict with the Rehabilitation Act, many courts have held that "the language of the ATSA plainly precludes security screeners from bringing suit under certain of the federal employment statutes . . . including the Rehabilitation Act." *See Field v. Napolitano*, 663 F.3d 505, 512 (1st Cir. 2011); *see also Coleman v. Sec'y U.S. Dep't of Homeland Sec.*, 649 F. App'x 128, 129–30 (3d Cir. 2016) (agreeing with the district court that it lacked subject-matter jurisdiction because the ATSA precludes TSA officers from bringing claims under the Rehabilitation Act); *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011) ("We now join every other circuit to have considered the question and conclude that the plain language of the ATSA preempts application of the Rehabilitation Act

to security screeners"); *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1337 (11th Cir. 2006) ("The plain language of the ATSA indicates that TSA need not take the requirements of the Rehabilitation Act into account when formulating hiring standards for screeners."). We therefore agree with the district court that Kaswatuka cannot proceed with a Rehabilitation Act claim as it is precluded by the ATSA.

### 3. 42 U.S.C. § 1983 Claim

Kaswatuka also sued DHS under § 1983, which confers liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

"[T]itle VII provides the exclusive remedy for employment discrimination claims raised by federal employees." *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) (citing, inter alia, *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976)). This court has held that to the extent that allegations of constitutional violations "arise out of the same facts" as employment discrimination allegations, they are preempted by Title VII. *Id.* This court has also specifically held that employment discrimination claims under § 1983 are preempted by Title VII. *See Rolland v. U.S. Dep't of Veterans Affs.*, 146 F. App'x 743, 746 (5th Cir. 2005) (per curiam) (citing *Jackson*, 99 F.3d at 710). Kaswatuka's allegations of constitutional violations arise under the same set of facts as her claims of employment discrimination. Therefore, the district court properly determined that her § 1983 claim is preempted by Title VII.

No. 20-10632

### *4. Title VII Claim*

Kaswatuka also sued DHS under Title VII. However, the proper defendant in a Title VII claim is "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e–16(c). Because Kaswatuka failed to name the Acting Secretary of the Department of Homeland Security as a defendant, the district court had "no alternative but to dismiss the case for lack of a proper party defendant." *Quevedo v. Army & Air Force Exch. Serv.*, 234 F.3d 29, at *1 (5th Cir. 2000) (unpublished) (per curiam). As we have noted, "[a] pro se party is in no way exempted from compliance with the relevant rules of procedure and substantive law." *Id.*

## III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.