# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2022

Lyle W. Cayce
Clerk

No. 21-10323

---

REYNALDO ANTONIO DE LOS SANTOS;
RICARDO DE LOS SANTOS,

*Plaintiffs—Appellants*,

*versus*

WILLIAM BOSWORTH, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Johnson County, Texas*; JOHN NEILL, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Johnson County, Texas and Somervell, Texas*; SYDNEY HEWLETT, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Johnson County, Texas and Somervell County, Texas*; WAYNE BRIDEWELL, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Johnson County, Texas and Somervell County, Texas*; ROBERT MAYFIELD, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Johnson County, Texas and Somervell County, Texas*; STEVE MCCLURE, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Johnson County, Texas*; ROGER HARMON, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Johnson County, Texas*; RICK BAILEY, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Johnson County, Texas*; KENNY HOWELL, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Johnson County, Texas*; JERRY STRINGER, In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Johnson County, Texas*; LARRY WOOLLEY, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Johnson County, Texas*; DANNY CHAMBERS, *In the Official*

No. 21-10323

*Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Somervell County, Texas*; Larry Hulsey, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Somervell County, Texas*; Dwayne Johnson, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Somervell County, Texas*; Kenneth Wood, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Somervell County, Texas*; Wade Busch, *In the Official Capacity as Employee and/or Administrator and/or Policymaker and/or Official of Somervell County, Texas*; David Evans, *In the Official Capacity as Policymaker and/or Official of Johnson County, Texas and Somervell County, Texas*; Johnson County, Texas; Somervell County, Texas,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
No. 3:20-CV-461

_____

Before Smith, Costa, and Wilson, *Circuit Judges*.

Per Curiam:[*]

In Texas, the counties of Johnson and Somervell keep lists of lawyers from which local judges may choose counsel for the indigent. Any local district judge may remove or suspend a lawyer from the lists.

When Reynaldo and Ricardo De Los Santos were removed from the appointment lists in both counties, they sued the counties, twelve county officials, and five state judges under 42 U.S.C. §§ 1981 and 1983.[1] Representing

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] The plaintiffs' complaint also appears to assert conspiracy claims under 42 U.S.C.

themselves, they assert three constitutional injuries:

- *First*, they claim that they were removed without explanation, which violated their due-process rights.
- *Second*, the plaintiffs allege First Amendment retaliation. They say that their removal occurred shortly after the North Texas Progressive Democrats moved into an office next door, and the officials our plaintiffs have sued are not Democrats.
- *Third*, the plaintiffs allege racial discrimination, because they were the "only two [H]ispanic attorneys" on the appointment lists.

The plaintiffs also allege sundry violations of state and local law. They seek damages and prospective equitable relief.

The district court dismissed all claims against all defendants. We affirm.

## I.

The plaintiffs' federal claims must be dismissed.

## A.

The district court dismissed for want of subject-matter jurisdiction and for failure to state a claim. FED. R. CIV. P. 12(b)(1), (6). We review that judgment *de novo*.

When a defendant questions subject-matter jurisdiction, "the plaintiff bears the burden of establishing jurisdiction." *Kaswatuka v. U.S. Dep't of Homeland Sec.*, 7 F.4th 327, 329 (5th Cir. 2021). Because a claim of sovereign

---

§§ 1983, 1985, and 1986. But because the plaintiffs do not press those claims here, they have forfeited them. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

immunity challenges our jurisdiction, we must consider that claim before reaching nonjurisdictional claims or defenses. *De Sanchez v. Banco Cent. de Nicar.*, 770 F.2d 1385, 1389 (5th Cir. 1985).

"To withstand a motion to dismiss" for failure to state a claim, "a complaint must present enough facts to state a plausible claim to relief." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021). "[T]he pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Id.* "Facts that only *conceivably* give rise to relief don't suffice." *Id.* "Though we generally take as true what a complaint alleges, we do not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action." *Id.* (cleaned up).

## B.

Two of the claims are not properly before us. Because the plaintiffs inadequately briefed their race-discrimination and First Amendment claims, they have forfeited them.

We require the appellant to state his "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies." Fed. R. App. P. 28(a)(8)(A). Failure to follow that rule results in forfeiture. *Rollins*, 8 F.4th at 397. An appellant forfeits an argument on appeal when his briefing does not "offer any supporting argument or citation to authority," does not "identify relevant legal standards" or circuit caselaw, or does not "address the district court's analysis and explain how it erred." *Id.* at 397 n.1 (cleaned up).

The plaintiffs forfeited their race-discrimination claim. In sixty-plus pages of initial briefing, the plaintiffs cite no caselaw to support it. Instead, they contend that "the removal of the only two [H]ispanic attorneys in Johnson County" proves their claim. That bare assertion cannot preserve their

No. 21-10323

claim for our review.[2]

The First Amendment claim is forfeited for the same reason. Again citing no caselaw or other authority, the plaintiffs insist over and over that the "record is clear" that they should prevail. But mere insistence, without legal argument, cannot preserve that claim for review.

## C.

Even if those claims weren't forfeited, none could proceed against the state judges. Because they are sued in their official capacities, we must treat the claims against them as claims against the State of Texas. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). For that reason, the judges enjoy sovereign immunity.[3]

The judges are immune from any claim for damages. Those claims are, in fact, against the State of Texas, which would have to pay any damages. *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996). Thus, sovereign

---

[2] *Cf. JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) ("[The appellant] offers only repeat conclusory assertions that OSHA violated its rights . . . , failing to offer any supporting argument or citation to authority. . . . [W]e hold those claims inadequately briefed and therefore waived.").

[3] *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]he only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses."); *see also Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) ("Accordingly, a § 1983 suit naming defendants only in their 'official capacity' does not involve personal liability to the individual defendant. Concomitantly, defenses such as absolute quasi-judicial immunity, that only protect defendants in their individual capacities, are unavailable in official-capacity suits.").

The plaintiffs contend that they may avoid sovereign immunity because the state judges were acting as county policymakers. That claim lacks merit. "[T]he act of selecting applicants for inclusion on a rotating list of attorneys eligible for court appointments" is a "judicial act under Texas law." *Davis v. Tarrant Cnty.*, 565 F.3d 214, 227 (5th Cir. 2009). Removing attorneys from such a list is no less judicial, and the plaintiffs don't explain why we should conclude otherwise.

immunity bars those claims. *See id*.

Sovereign immunity does not shield state officials from prospective injunctive relief against ongoing violations of federal law. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908). But our plaintiffs may not claim that exception because they have not adequately pleaded *any* breach of federal law.

Recall that the plaintiffs alleged three constitutional violations: a due-process violation, First Amendment retaliation, and racial discrimination. All three claims are groundless.

The due process claim fails. The Fourteenth Amendment requires that due process precede a deprivation of property. But discretionary benefits are not property, so no process is due when they are denied. *See, e.g.*, *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). Inclusion on the appointment lists is committed to the discretion of state judges. Thus, no process is due, under the Constitution, when inclusion is denied.[4]

Were it not forfeited, the First Amendment claim would fail. Such a claim requires proof that the plaintiff's "constitutionally protected activity . . . substantially motivated" the defendant's "adverse actions." *Cass v. City of Abilene*, 814 F.3d 721, 729 (5th Cir. 2016). Our plaintiffs haven't shown that. They say that they were removed from the lists because the North Texas Progressive Democrats moved into an office next door. But even if that notion could be believed,[5] the plaintiffs never explain how, or allege that, the

---

[4] The plaintiffs resist that conclusion by pointing out that the word "discretion" does not appear in the appointment plans. That's true. But the word "discretion" is not the only way to authorize free choice. Under the appointment plans, an attorney may be removed "by request of a Judge." That's plenty clear; the judges have discretion.

[5] The plaintiffs did not advance this theory at *any* of their hearings seeking reinstatement. Then, they instead attributed their removal to the malice of one state district judge, whom they accused of retaliating against them for actions they took during legal proceedings. At the plaintiffs' first hearing, that judge offered several reasons for their

judges knew that the organization had moved in.

The plaintiffs could not repair that defect by pointing to the temporal proximity between the move-in and their removal from the lists, *see Cripps v. La. Dep't of Agric. & Forestry*, 819 F.3d 221, 230 (5th Cir. 2016), because there is none. True, the plaintiffs were removed shortly after the organization moved in, but they were reinstated a few weeks later. The plaintiffs were not finally excluded from the lists until *six months after* their new neighbor arrived. That period, absent other evidence of retaliatory intent, is much too long to suggest any causal link between the plaintiffs' protected conduct (whatever that was) and their exclusion.

Were it not forfeited, the race-discrimination claim would fail. That claim cannot survive dismissal unless the plaintiffs plead discriminatory intent. *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015). To do that, they must establish that the defendants treated them worse than "similarly situated individuals" *because of* their race. *Id.* (citation omitted). Our plaintiffs do none of that. All they say is that they are Hispanic and were removed from the appointment lists. That comes nowhere close to pleading discriminatory intent.

D.

The plaintiffs sue the counties of Johnson and Somervell, along with a dozen officials from those counties. But all those claims are against the counties themselves because the plaintiffs sue the county officials in their official capacities. *See Ashe v. Corley*, 992 F.2d 540, 541 n.1 (5th Cir. 1993).

---

removal, including their incompetence and their questionable billing practices. At no time did any judge evince awareness that the plaintiffs officed next to a political group. And when the plaintiffs were finally removed from the lists, the judges pointed again to their practice of filing "false or incorrect pay sheet[s]." The plaintiffs replied by asserting their privilege against self-incrimination and accusing the panel of "trial by ambush."

No. 21-10323

We affirm the dismissal of all claims against the counties and their officials.

To establish municipal liability under § 1983,[6] a plaintiff generally must identify, among other things, an official policy or custom that caused constitutional injury. *Peterson v. City of Fort Worth*, 588 F.3d 838, 847–48 (5th Cir. 2009).

These facts do not show an unconstitutional policy. The plaintiffs say that the counties enforced a "policy" of removing attorneys from the indigent defense lists without reason or explanation. But even if that were true,[7] that policy would pose no due-process problem. As we've said, the plaintiffs have no property interest in a discretionary appointment, so no process is due, under the Fourteenth Amendment, before that appointment is withheld or denied. For that reason, the plaintiffs cannot show that the counties are liable.

We affirm the dismissal of all federal claims against all defendants.

## II.

That leaves the claims under state and local law. The district judge declined to hear them because they posed no federal question. *See* 28 U.S.C. § 1367(c)(3). We agree with that ruling, which was no abuse of discretion. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158 (5th Cir. 2011).

We add only that sovereign immunity would bar the district court from

---

[6] The plaintiffs also sue under 42 U.S.C. § 1981. But they have forfeited that claim; their briefing neither mentions the statute nor explains why it entitles the plaintiffs to relief. Even if not forfeited, that claim would fail because the plaintiffs have not shown intentional race discrimination, which the statute requires. *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003).

[7] It's not. The appointment plans entitle "[a]ny attorney so removed" to seek a "hearing before the Board of Judges." The plaintiffs concede that they received a hearing after their removal.

hearing the nonfederal claims against the state-judge defendants. *Ex parte Young* creates a "narrow exception" to state sovereignty to vindicate *federal* rights, not rights under state law. *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021). We cannot "grant . . . relief against state officials on the basis of state law" absent a waiver of sovereign immunity, *Pennhurst v. State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984), and there's no waiver here.

\* \* \* \* \*

The plaintiffs inadequately briefed two of their three federal claims. Sovereign immunity precludes relief against the state judges, and the claims against the counties and their officials are inadequately pleaded. The non-federal claims should not proceed in federal court. Dismissal was proper.

AFFIRMED.