**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ANNA GALAZA,

*Plaintiff-Appellant,*

v.

ALEJANDRO MAYORKAS,[*]

*Defendant-Appellee.*

No. 21-15464

D.C. No. 2:16-cv-00878-RFB-DJA

OPINION

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted September 9, 2022
Pasadena, California

Filed February 28, 2023

Before: Johnnie B. Rawlinson, Bridget S. Bade, and
Daniel A. Bress, Circuit Judges.

Per Curiam Opinion

---

[*] Alejandro Mayorkas is substituted for his predecessor Chad F. Wolf, former Acting Secretary of the Department of Homeland Security. *See* Fed. R. App. P. 43(c)(2).

## SUMMARY[**]

### Aviation and Transportation Security Act

The panel affirmed the district court's order dismissing, as preempted by the Aviation and Transportation Security Act ("ATSA"), Anna Galaza's claim against the Transportation Security Administration ("TSA") alleging discrimination in violation of the Rehabilitation Act.

Galaza alleged that she suffered two injuries while working for the TSA as a Transportation Security Officer, also known as a screener. Galaza's doctor cleared her to return to a permanent limited-duty position. After undergoing vocational rehabilitation, Galaza remained unable to fulfill the duties of a TSA screener and was terminated from employment with the TSA.

The ASTA establishes basic qualifications for the position of ATSA security screener, and vests the Administrator of the TSA with the authority to determine additional employment standards and training for security screeners. The Rehabilitation Act protects qualified individuals with disabilities from being subjected to discrimination under activity conducted by any Executive agency because of his or her disability. 29 U.S.C. § 794(a).

The panel joined the First, Fifth, Seventh, and Eleventh Circuits in holding that the ATSA, as applicable to security screeners, preempts the Rehabilitation Act. The ATSA authorized the Administrator of the TSA to set aside

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

employment standards for security screeners as necessary to fulfill the TSA's screening functions under the ATSA. A statutory note to the ATSA provides that the Administrator is authorized to do so notwithstanding any other provision of law. The panel held that use of the phrase "notwithstanding any other provision of law" reflected legislative intent to preempt the provisions of the Rehabilitation Act.

Galaza contended that preemption was unnecessary because the two statutes could be harmonized, and preemption was foreclosed by explicit language in the Whistleblower Protection Act ("WPEA"). The panel declined to address the issue whether the WPEA made the Rehabilitation Act generally applicable to security screeners because this issue was not raised in the district court. In addition, Galaza was terminated over two years before the WPEA took effect, and the WPEA did not apply retroactively.

**COUNSEL**

Jenny Foley (argued), HKM Employment Attorneys LLP, Las Vegas, Nevada; Philip J. Trenchak and Victoria C. Mullins, Mullins & Trenchak, Las Vegas, Nevada; for Plaintiff-Appellant.

Holly Ann Vance (argued), Assistant United States Attorney; Elizabeth O. White, Appellate Chief; Christopher Chiou, Acting United States Attorney; Office of the United States Attorney; Reno, Nevada; for Defendant-Appellee.

**OPINION**

PER CURIAM:

The Aviation and Transportation Security Act (ATSA) authorizes the Administrator of the Transportation Security Administration (TSA) to set employment standards for security screeners as necessary to fulfill the TSA's screening functions under the ATSA. *See* 49 U.S.C. § 44935(a), (f). Because the Administrator is authorized to do so "[n]otwithstanding any other provision of law[,]" we join the First, Fifth, Seventh, and Eleventh Circuits in holding that the ATSA preempts the Rehabilitation Act, 29 U.S.C. §§ 791, 794, as applicable to security screeners. *See Field v. Napolitano*, 663 F.3d 505, 512 (1st Cir. 2011); *Kaswatuka v. U.S. Dep't of Homeland Sec.*, 7 F.4th 327, 330 (5th Cir. 2021); *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011) (per curiam); *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1337 (11th Cir. 2006) (per curiam). We have jurisdiction to review Galaza's appeal under 28 U.S.C. § 1291 and AFFIRM the district court's dismissal of the complaint.

## I. Background

Galaza brought an action against the TSA, alleging discrimination in violation of the Rehabilitation Act when she was terminated from her limited-duty position. According to the allegations in Galaza's complaint,[1] she suffered two injuries while working for the TSA, as a

---

[1] Because Galaza's claim was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), we presume the truth of the allegations in her complaint. *See Produce Pay Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1161 (9th Cir. 2022).

Transportation Security Officer, also known as a screener. Following her second injury, Galaza was absent from work until her doctor cleared her to return to a permanent limited-duty position. After undergoing vocational rehabilitation, Galaza remained unable to fulfill the duties of a TSA screener, and was terminated from employment with the TSA. Galaza alleged that she was terminated due to her disability, and despite the availability of limited duty positions that she could fill such as "exit lane monitor," "secondary ticket checker," or "bypass door monitor."

Galaza filed a complaint with TSA's Equal Employment Opportunity Office and subsequently filed an action in federal district court. The district court dismissed all of Galaza's claims, including her Rehabilitation Act claim. The district court reasoned that the ATSA preempted application of the Rehabilitation Act to TSA screeners.

We dismissed Galaza's first appeal because she voluntarily dismissed the claims in her amended complaint without the district court's involvement and therefore did not effectuate a final appealable judgment. *See Galaza v. Wolf*, 954 F.3d 1267, 1272 (9th Cir. 2020). Galaza later obtained a final appealable judgment from the district court pursuant to an order dismissing her Rehabilitation Act claim, acknowledging the voluntary dismissal of her remaining claims, and granting her motion for a final order. Galaza now appeals the dismissal of her Rehabilitation Act claim for the second time.

## II. Discussion

"We review de novo a district court's dismissal under Rule 12(b)(1) or Rule 12(b)(6). . . ." *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 878 (9th Cir. 2022) (citation omitted). "When interpreting statutes, the court

gives effect to the unambiguous words Congress actually used. . . ." *GCIU-Emp'r Ret. Fund v. MNG Enters., Inc.*, 51 F.4th 1092, 1097 (9th Cir. 2022) (citation and alteration omitted). "[W]e are not at liberty to override congressional intent and read a statutory term contrary to its plain meaning." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 933 F.3d 1088, 1095 (9th Cir. 2019).

Following the September 11, 2001 terrorist attacks, Congress enacted the ATSA, which "created a new agency, the TSA, with sweeping responsibility for airport security screening, including setting the qualifications, conditions, and standards of employment for airport security screeners." *Field*, 663 F.3d at 508 (citation omitted). Congress specifically "vested the TSA Administrator with the authority to carry out the provisions of the ATSA," including "wide latitude to determine the terms of employment of screeners." *Id.* (citation and footnote reference omitted). The ATSA establishes basic qualifications for the position of ATSA security screener, including physical requirements, and states that "*[n]otwithstanding any other provision of law*, an individual may not be deployed as a security screener unless that individual meets" those requirements. 49 U.S.C. § 44935(f) (emphasis added). The ATSA also vests the Administrator of the TSA with the authority to determine additional employment standards and training for security screeners. *See id.* at § 44935(e)(2). The Act states that "*[n]otwithstanding any other provision of law*, those standards shall require, at a minimum, an individual . . . to meet such other qualifications as the Administrator may establish." *Id.* at § 44935(e)(2)(A) (emphasis added). Finally, a statutory note to the ATSA provides that,

> *[N]otwithstanding any other provision of law,* the [Administrator of the Transportation Security Administration] may employ, appoint, discipline, *terminate*, and fix the compensation, terms, and conditions of employment of Federal service for such a number of individuals as the [Administrator] determines to be necessary to carry out the screening functions [required by the Act].

Aviation and Transportation Safety Act, PL 107-71, November 19, 2001, 115 Stat 597, note to 49 U.S.C. § 44935 (emphasis added) (second alteration in the original).

The Rehabilitation Act protects qualified individuals with disabilities from "be[ing] excluded from the participation in, . . . denied the benefits of, or . . . subjected to discrimination . . . under any program or activity conducted by any Executive agency . . ." solely "by reason of his or her disability." 29 U.S.C. § 794(a); *see also* 29 U.S.C. § 791.

The Federal Circuit was the first circuit court to reason that "[t]he language 'notwithstanding any other provision of law' [in the ATSA] signals that" the Administrator's discretion to set employment standards "override[s] more general conflicting statutory provisions to the extent that they would apply to screeners." *Conyers v. Merit Sys. Prot. Bd.*, 388 F.3d 1380, 1382 (Fed. Cir. 2004). Two years later, the Eleventh Circuit specifically held that the ATSA preempts application of the Rehabilitation Act to security screeners. *See Castro*, 472 F.3d at 1337.

The Eleventh Circuit affirmed the dismissal of Castro's action alleging that the TSA violated the Rehabilitation Act

when rejecting Castro's application for employment based on his history of "physiologic non-epileptic seizures." *Id.* at 1335. Relying on the "notwithstanding any other provisions of law" language in the statutory note to the ATSA, the court reasoned that "[t]he plain language of the ATSA indicates that TSA need not take the requirements of the Rehabilitation Act into account when formulating hiring standards for screeners." *Id.* at 1337.

In *Joren*, the Seventh Circuit also relied on the language from the statutory note to "conclude that the plain language of the ATSA preempts application of the Rehabilitation Act to security screeners." 633 F.3d at 1146 (citations omitted). The Seventh Circuit noted that the "Supreme Court has recognized in other contexts that the use of a 'notwithstanding' clause signals Congressional intent to supercede conflicting provisions of any other statute." *Id.* (citation omitted).

The First Circuit reached the same conclusion in *Field*. *See* 663 F.3d at 511. In addition to discussing the plain language of the ATSA and the Supreme Court's treatment of "notwithstanding" clauses, the court explained that the congressional history of the ATSA evinces Congress's intent to preclude suits against the TSA under the Rehabilitation Act. *See id.* at 512 (noting that Congress considered making "the provisions of Title 5 of the United States Code, including the Rehabilitation Act, applicable to all screeners hired" under the ATSA, but ultimately rejected that version of the legislation) (citation and footnote reference omitted). The First Circuit emphasized that "[e]very circuit to address the issue has agreed that the language of the ATSA plainly precludes security screeners from bringing suit under certain of the federal employment statutes incorporated under Title

5 of the United States Code, including the Rehabilitation Act." *Id.* (citations omitted).

The Fifth Circuit is the most recent circuit to hold that the ATSA preempts the Rehabilitation Act, and it also relied on the "notwithstanding" clauses in concluding that "sections of the ATSA conflict with the Rehabilitation Act," thereby triggering the "override" function of the "notwithstanding" clauses. *Kaswatuka*, 7 F.4th at 330.

The ATSA's use of "notwithstanding any other provision of law" with regard to the Administrator's authority to set employment standards for security screeners was dispositive in each Circuit's analysis. We are persuaded by this unanimous reasoning from our sister Circuits that use of the phrase "notwithstanding any other provision of law" reflects legislative intent to preempt the provisions of the Rehabilitation Act. *See Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993) ("[I]n construing statutes, the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section.") (citation omitted). Accordingly, the decision to terminate Galaza was not a violation of the Rehabilitation Act. *See Kaswatuka*, 7 F.4th at 330.

Despite the consensus of the circuit courts that have addressed this issue, Galaza continues to maintain that preemption of the Rehabilitation Act is contrary to congressional intent. Galaza also contends that preemption is unnecessary because the two statutes can be harmonized, and that preemption is foreclosed by explicit language in the Whistleblower Protection Act (WPEA) including TSA screeners within the protection of the Rehabilitation Act.

Galaza's contention that preemption of the Rehabilitation Act is inconsistent with congressional intent lacks merit in light of the plain language of the "notwithstanding" clauses in the statute. *See Animal Legal Def. Fund*, 933 F.3d at 1095 ("[W]e are not at liberty to override congressional intent and read a statutory term contrary to its plain meaning."); *see also Field*, 663 F.3d at 512 (describing the language of the ATSA as "plain[]"). The two statutes cannot be harmonized because the general provisions of the Rehabilitation Act conflict with the plain language of the "notwithstanding" clauses overriding those provisions "to the extent that they would apply to screeners." *Conyers*, 388 F.3d at 1382.

We decline to address the issue of whether the WPEA made the Rehabilitation Act generally applicable to security screeners because this issue was not raised in the district court. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal . . . are deemed forfeited. . . .") (citation omitted). In addition, Galaza was terminated "on or about May 5, 2010," over two years before the WPEA took effect, and the WPEA does not apply retroactively. *See* Whistleblower Protection Enhancement Act of 2012, PL 112-199, November 27, 2012, 126 Stat 1465, 1475; *see also Hicks v. Merit Sys. Prot. Bd.*, 819 F.3d 1318, 1321 (Fed. Cir. 2016) ("Congress specifically provided . . . that the WPEA would become effective on December 27, 2012 . . .") (citations omitted); *Talaie v. Wells Fargo Bank, NA*, 808 F.3d 410, 411-12 (9th Cir. 2015) ("The Supreme Court has held that the presumption against retroactive legislation is deeply rooted in our jurisprudence, and can only be overcome where Congress expresses a clear and unambiguous intent to do so. . . .") (citation and internal quotation marks omitted).

### III.  Conclusion

We AFFIRM the district court's dismissal of Galaza's Rehabilitation Act claim as preempted by the ATSA.