NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SCOTTLYNN J. HUBBARD,

Plaintiff - Appellant,

v.

NATIONSTAR MORTGAGE, LLC,

Defendant - Appellee.

No. 24-821

D.C. No.
2:21-cv-01723-DAD-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted February 6, 2025[**]
San Francisco, California

Before: FORREST and SANCHEZ, Circuit Judges, and EZRA, District Judge.[***]

Scottlynn Hubbard appeals the district court's order granting summary

judgment to Nationstar Mortgage, LLC ("Nationstar") in his action under the Real

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Estate Settlement Procedures Act's Regulation X, 12 C.F.R. § 1024.41(b). Hubbard

alleges that Nationstar committed failures in the review and notification process after

he submitted a loss mitigation application to avoid foreclosure.

Because the parties are familiar with the facts, we do not recount them here.

We review *de novo* the district court's order granting summary judgment. *Branch*

*Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). We view

the evidence in the light most favorable to Hubbard and determine whether there are

any genuine issues of material fact and whether the district court correctly applied

the relevant substantive law. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916,

922 (9th Cir. 2004).

The Real Estate Settlement Procedures Act ("RESPA") regulates the servicing

of mortgage loans. 12 U.S.C. § 2605. RESPA empowers the Consumer Bureau to

establish rules and regulations to achieve RESPA's purpose, which it has done, in

part, by promulgating 12 C.F.R. § 1024.41, also known as "Regulation X." *Hahn v.*

*Select Portfolio Servicing, Inc.*, 424 F. Supp. 3d 614, 624 (N.D. Cal. 2020), *aff'd*,

No. 20-15166, 2023 WL 3051848 (9th Cir. Apr. 24, 2023). Regulation X delineates

loss mitigation procedures that a borrower can enforce against a loan servicer.

*Thomas v. Wells Fargo Bank, N.A.*, No. 15-cv-02344, 2016 WL 1701878, at *3 (S.D.

Cal. Apr. 28, 2016). Regulation X provides that a loan servicer "shall exercise

reasonable diligence in obtaining documents and information to complete a loss

mitigation application," if a "servicer receives a loss mitigation application 45 days or more before a foreclosure sale."  12 C.F.R. § 1024.41(b).

We conclude the district court did not err in concluding that Nationstar was not required to comply with Regulation X because Hubbard's loss mitigation application was not received within 45 days of a scheduled foreclosure.[1]  The scheduled June 23, 2020, foreclosure date was lawful.  Executive Order N-28-20 requested, but did not mandate, a moratorium on foreclosures.  It is undisputed that Hubbard submitted his request for loan modification on or about June 4, 2020, which was not forty-five days prior to the lawfully schedule foreclosure.

In addition, Hubbard forfeited his argument that Executive Order N-33-20 (the "Shelter-In-Place Order") made the foreclosure date unlawful.  The Shelter-In-Place Order was not argued in Appellant's First Amended Complaint, his opposition to summary judgment, or at any other time prior to this appeal.  Where arguments are raised for the first time on appeal, and where they were never argued before the district court, this Court deems such arguments forfeited.  *Galaza v. Mayorkas*, 61 F.4th 669, 673 (9th Cir. 2023).

**AFFIRMED.**

---

[1] Hubbard's motion to accept the late filing of his Reply Brief (Dkt. 32) is GRANTED, and we have considered the Reply Brief in reaching our decision.