# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2013

No. 12-50808
Summary Calendar

Lyle W. Cayce
Clerk

RODERICK DAVID EKMARK, M.D.,

Plaintiff–Appellant,

versus

DOCTOR KENNETH MATTHEWS, In His Official and Individual Capacity;
DOCTOR LOIS BREADY, In Her Official and Individual Capacity,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-465

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Roderick Ekmark appeals a summary judgment, claiming that Doctors

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50808

Kenneth Matthews and Lois Bready violated his Fourteenth Amendment due-process rights by denying him a formal grievance hearing before refusing to grant him a certification in psychiatry. We affirm.

Ekmark is a former psychiatry resident at the University of Texas Health Science Center at San Antonio ("UTHSC"). Matthews was the program director for the Psychiatric Residency Program, and Bready oversaw UTHSC's Graduate Medical Education program. The psychiatry program requirements included providing clinical care at the University Hospital and local Veterans Affairs ("VA") facilities.

About September 2008, during Ekmark's fourth and final year of the program, an acquaintance and UTHSC employee told Bready that Ekmark had admitted to an inappropriate relationship with a VA hospital patient. As a result, UTHSC suspended Ekmark's patient-care duties pending an investigation and offered him at least two opportunities to present his account of the situation, but he continued to deny the allegations. UTHSC notified the Texas Medical Board of the suspension, causing the Board to suspend Ekmark's physician-in-training permit.

The VA was notified and began an investigation, during which UTHSC placed the matter on hold. About November, the VA's Administrative Investigation Board sent UTHSC a summary of its conclusion that the allegations were more likely true than not and that, as a result, the VA had revoked Ekmark's privileges at all VA facilities. Ekmark informed UTHSC that he would appeal the VA's determination; in the meantime, UTHSC maintained the suspension.

Although on clinical suspension, Ekmark was paid through the end of the fourth-year contract. Because, however, he could not complete his clinical duties, including his rotations at the VA, he did not receive the psychiatry certi-

No. 12-50808

fication.[1]  It is undisputed that he requested a formal grievance hearing but never received one.

Ekmark sued Matthews and Bready, alleging a deprivation of due process and seeking damages and other relief.  The district court granted summary judgment, finding that Ekmark had no protected property interest in his certification or ongoing education and was not entitled, under the Fourteenth Amendment, to a formal grievance hearing.  The court continued that, even assuming *arguendo* a property interest in continuing his residency, Ekmark had received the required due-process protections.

We review *de novo* a summary judgment, affirming on any basis supported by the record, even if different from the district court's reasoning.  *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012).  Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

"The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits."  *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576 (1972).  Even assuming *arguendo* Ekmark had any property interest in continuing his residency and achieving certification, he received all the process to which he was entitled under the Fourteenth Amendment.  *See Davis v. Mann*, 882 F.2d 967, 973 (5th Cir. 1989).

In the context of due process, medical residents are students rather than employees of the hospital.  *Shaboon v. Duncan*, 252 F.3d 722, 729 (5th Cir. 2001).  "It is well-known that the primary purpose of a residency program is not employment or a stipend, but the academic training and the academic certification for successful completion of the program."  *Davis*, 882 F.2d at 974.  In rec-

---

[1] In 2011, the Texas Medical Board allowed Ekmark to obtain a Texas medical license.

No. 12-50808

ognition of the complex student-faculty relationship, students are not entitled to the same due process protections as are employees. *Shaboon*, 252 F.3d at 730.

We further distinguish between the process required for students facing discipline and academic actions that require "far less stringent procedural requirements." *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 86 (1978); *see also Davis*, 882 F.2d at 974. Educational institutions "should not be weighted down with formalized procedural requirements imposed by actors estranged from the academic environment." *Davis*, 882 F.2d at 974. The physicians and administrators directing residency programs are in the best position to determine which candidates are suited to progress through the program and have satisfactorily completed the requirements for certification. *Id.* Adverse academic actions against medical residents require only the minimum procedure of notice and not a hearing. *Horowitz*, 435 U.S. at 90; *see also Shaboon*, 252 F.3d at 731.

Bready and Matthew's determination that Ekmark was unable to fulfill the clinical residency requirements, and was thus unqualified for certification, was academic in nature. Despite that the underlying disciplinary actions by the VA affected Ekmark's capacity to meet the certification prerequisites, his inability to complete the program "furnished a sound academic basis for [the denial of certification]." *Shaboon*, 252 F.3d at 731.

Viewing the facts in the light most favorable to Ekmark, he received sufficient process. Matthews notified Ekmark of his suspension and of the hospital's determination that he would not be able to complete the program if his physician-in-training permit was not renewed. Contrary to Ekmark's claims, he was not entitled to a formal hearing. *Id.* Furthermore, even if a formal hearing was required by UTHSC policy, the UTHSC rules do not establish the constitutional floor of due process. *Levitt v. Univ. of Tex. at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985).

No. 12-50808

The summary judgment is AFFIRMED.