NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2017[*]
Decided September 5, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 16-3612

| | |
|---|---|
| ROBERTO TRUJILLO, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 8541 |
| AMERICAN BAR ASSOCIATION and JOHN KRSUL, JR., *Defendants-Appellees*. | Robert M. Dow, Jr., *Judge*. |

**O R D E R**

Roberto Trujillo worked in the personnel department at the American Bar Association and also served as Plan Administrator for the ABA's pension plan, which is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461. Trujillo served as Plan Administrator for two years until the plan's administration committee, chaired by John Krsul, Jr., removed him from that role; days later the ABA

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

fired him. Trujillo's dismissal followed his repeated warnings to the committee about mismanagement of the plan, including that its funds were used for fees the ABA should have paid. Trujillo sued the ABA and Krsul under 29 U.S.C. § 1132(a)(3), which authorizes any "participant, beneficiary, or fiduciary" to seek equitable relief to address violations of ERISA, including retaliation for participating in ERISA inquiries or proceedings, see *id*. § 1140. The operative complaint (the third version) demands back pay and reinstatement as Plan Administrator or "some other form of equitable relief . . . in order to make the Plaintiff whole." Trujillo, who alleges that Krsul persuaded the ABA to outsource his duties and fire him, also claims that the chairman intentionally undermined his employment relationship with the ABA. See generally *Harrison v. Addington*, 955 N.E.2d 700, 708 (Ill. App. Ct. 2011) (discussing tort of intentional interference with prospective economic advantage). The amended complaint invokes the diversity jurisdiction over this state-law claim, see 28 U.S.C. § 1332, and seeks $800,000 in damages from Krsul.

On the defendants' motion, the district court dismissed the ERISA claim with prejudice. The court reasoned that Trujillo, who concedes that he never was a plan participant or beneficiary, no longer was a plan fiduciary after his removal as Plan Administrator. And under section 1132(a)(3), the court continued, only current fiduciaries are authorized to sue. The court therefore concluded that Trujillo does not state a claim, even if his removal was retaliatory. Moreover, the court said, Trujillo has sued to vindicate only his own interests, not because he seeks to help the plan participants and beneficiaries. Having dismissed the ERISA claim, the district court then dismissed without prejudice the tort claim against Krsul. The court explained that it was declining to exercise supplemental jurisdiction over this claim, see 28 U.S.C. § 1367, yet the court said nothing about Trujillo's invocation of the diversity jurisdiction. Indeed, the court overlooked that, in ruling on the defendants' motion to dismiss an earlier version of Trujillo's complaint, it had concluded that Trujillo and Krsul are citizens of different states and that the claim could proceed under the diversity statute. On appeal Trujillo challenges the dismissal of both claims.

We start with the ERISA claim. Trujillo insists that a former fiduciary can sue under section 1132(a)(3); essentially, he maintains that a literal reading of that provision leaves him and comparable plaintiffs without a remedy for a retaliatory removal from the position of Plan Administrator. Trujillo, though, does not contest the district court's assertion that he seeks relief only for himself, not for the participants and beneficiaries of the ABA's pension plan.

We need not decide if 29 U.S.C. § 1132(a)(3) authorizes a former fiduciary to seek redress for violations of other ERISA provisions. Three circuits have addressed this question, and all agree that section 1132(a) authorizes only current fiduciaries—not former—to bring suit. See *Corbin v. Blankenburg*, 39 F.3d 650, 652–53 (6th Cir. 1994); *Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 14–15 (2d Cir. 1991); *Blackmar v. Lichtenstein*, 603 F.2d 1306, 1310 (8th Cir. 1979). Two district judges in this circuit have reached the same conclusion. See *Ossey v. Marolda*, No. 96 C 296, 1997 WL 223070, at *2 (N.D. Ill. Apr. 28, 1997); *Roncone v. Ligurotis*, No. 92 C 4054, 1993 WL 321737, at *3 (N.D. Ill. Aug. 20, 1993). These decisions represent a fair reading of the statute—"fiduciary" is referenced in the present tense in both the definition and enforcement sections. See 29 U.S.C. §§ 1002(21)(A), 1132(a)(2–3). Yet two circuits, without discussion, have assumed that former fiduciaries may sue under section 1132(a)(3) to redress retaliation in violation of section 1140. See *Trujillo v. Landmark Media Enters., LLC*, No. 16-1264, 2017 WL 1959007, at *2–3 (4th Cir. May 11, 2017); *Hashimoto v. Bank of Haw.*, 999 F.2d 408, 411–12 (9th Cir. 1993). The Fourth Circuit's case involves our same plaintiff, who served, and then was removed, as a fiduciary for another employee benefits plan after the ABA fired him. See *Trujillo*, 2017 WL 1959007, at *1.

But Trujillo did not bring this lawsuit in a fiduciary capacity—current or former—so he cannot fit himself within the limited reach of section 1132(a)(3). A fiduciary is required to "discharge his duties with respect to a plan solely in the interest of participants and beneficiaries" and "for the exclusive purpose of" providing benefits and maintaining the plan's financial health. 29 U.S.C. § 1104(a)(1). A fiduciary may bring a civil action "to enjoin any act" or "to obtain other appropriate equitable relief" to redress ERISA violations or to enforce provisions of ERISA or a benefit plan, *id.* § 1132(a)(3), but he must do so in the interest of the plan, not for his own benefit. See *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 512–13 (7th Cir. 2009); *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 373 (4th Cir. 2003). In his complaint Trujillo says he is suing as a fiduciary and refers to rampant ERISA violations that hurt the plan, but his request for relief reveals his true interest in bringing this suit: he asks only for reinstatement to his position as Plan Administrator with back pay or other equitable relief that will make *him* whole. He thus is suing as a private individual, not a fiduciary, which is not permitted under section 1132(a)(3).

Moreover, if Trujillo had wanted to sue on behalf of plan participants or beneficiaries, he would have faced another obstacle: as a pro se litigant, he can represent only himself, not others. See *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir.

2013). Trujillo would need a lawyer to sue in a fiduciary capacity. See *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (concluding that plan participant could not proceed pro se in bringing ERISA claim under 29 U.S.C. § 1109(a) for breach of fiduciary duty, since any recovery under that statute would benefit the plan as a whole).

We thus uphold the dismissal of Trujillo's federal claim. His tort claim against Krsul, however, is another matter. Trujillo alleges that, when he filed this lawsuit, he was a citizen of Illinois and Krsul a citizen of Michigan. The district court erred, says Trujillo, in assuming that subject-matter jurisdiction over the tort claim depends on the supplemental jurisdiction rather than the diversity statute. Plainly, though, the district court simply overlooked that in his operative complaint Trujillo alleges that diversity jurisdiction exists, just as he had done nine months before when he initially amended his complaint. Krsul tells us nothing about this, but when the defendants moved to dismiss that earlier complaint, the court recognized that Trujillo relies on the diversity jurisdiction and allowed the state-law claim to proceed.

Krsul now argues, however, that the diversity statute did not provide subject-matter jurisdiction because *complete* diversity was lacking when Trujillo filed suit, since both Trujillo and the ABA were citizens of Illinois. Diversity of citizenship is evaluated when a suit is filed and analyzed as to the entire case, not individual claims. See *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–71 (2004). Complete diversity usually is required, meaning that the plaintiff must not share citizenship with any defendant. *Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 958 (7th Cir. 1988). But when a district court has "an independent basis of federal jurisdiction over the non-diverse" party, it can ignore that party's citizenship in determining whether it has diversity jurisdiction over the rest of the claims. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 381 (1959); see also *Kauth*, 852 F.2d at 958–59; *In re Olympic Mills Corp.*, 477 F.3d 1, 6 n.7 (1st Cir. 2007); *K.M.B. Warehouse Distribs., Inc. v. Walker Mfg. Co.*, 61 F.3d 123, 130 (2d Cir. 1995); *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1565 (11th Cir. 1994); *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 600 n.1 (3d Cir. 1989); *Duchon v. Cajon Co.*, 791 F.2d 43, 47 n.2 (6th Cir. 1986); *Brown v. Mine Safety Appliances Co.*, 753 F.2d 393, 395 (5th Cir. 1985). The district court had federal-question jurisdiction over Trujillo's ERISA claim against the ABA, the nondiverse party. Thus the ABA's citizenship could be disregarded in determining if the parties to the state-law claim were diverse. They were, and so the district court could not decline to exercise jurisdiction over the tort claim against Krsul. See *Ill. Bell Tel. Co. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 589–90 (7th Cir. 2008); *Loss v. Blankenship*, 673 F.2d 942, 948–49 (7th Cir. 1982). That claim must be remanded.

One final point: Trujillo contends that the district judge should have assessed whether he or his law clerks might have a conflict of interest arising from membership in the ABA. This argument is meritless. A judge's—and, by extension, his clerks'—membership in a defendant bar association does not require recusal. See Comm. on Codes of Conduct, Judicial Conference of the United States, Advisory Opinion No. 52 (June 2009).

The dismissal of Trujillo's state-law claim against Defendant Krsul is VACATED, and the case is REMANDED for further proceedings on the claim. In all other respects, the judgment of the district court is AFFIRMED.