# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2021

Lyle W. Cayce
Clerk

No. 20-50981

Symon Mandawala,

*Plaintiff—Appellant*,

*versus*

Northeast Baptist Hospital, Counts 1, 2, and 11;
Blaine Holbrook, Counts 4, 5, 6, and 11;
North Central Baptist Hospital; St. Luke's Hospital;
Baptist Medical Center; Resolute Hospital;
Mission Trails Baptist Hospital; Tenet; Nicki Elgie,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
No. 5:19-CV-1415

Before Jones, Smith, and Haynes, *Circuit Judges*.*

Jerry E. Smith, *Circuit Judge*:

Symon Mandawala flunked out of a medical sonography program, so he sued. Seven complaints, three venues, and two appeals later, the trial court dismissed nearly all the *pro se* plaintiff's dozen-or-so claims and all but

---

* Judge Haynes concurs in the judgment only.

one defendant, the school.  Mandawala asks us to reverse and to order the assignment of a different district judge.  We disagree on all counts and affirm.

## I.
### A.

A few years ago, Symon Mandawala attended a medical sonography program at Baptist School of Health Professions.  After failing to graduate, Mandawala sued the school in small-claims court to recoup his cost of attendance and damages for emotional distress.  In his small-claims petition, Mandawala alleged that he flunked the program because the school did not staff its clinics adequately, which prevented Mandawala from completing his clinical duties.  The petition contained no other allegations.  The court dismissed, deeming the claimed damages to exceed its jurisdiction.

Mandawala then brought the same claims in state district court.  Unable to comprehend Mandawala's complaint, the school issued a general denial and moved for a more definite complaint.  The court so ordered, and Mandawala filed an amended complaint.  The new complaint, though no clearer than the first, added several new claims, including claims under various education and privacy laws.  Mandawala also alleged, for the first time, that the school had failed him out of racial animus.

On the school's motion and after a hearing, the state district judge dismissed Mandawala's amended petition.  During the hearing, Mandawala complained that he lacked adequate notice and time to prepare for the proceeding.  He also stated falsely that the school had admitted his claim's validity and thus was estopped from opposing him.  Noting those objections, the state judge announced her ruling and told Mandawala that he could appeal.

Rather than appeal, Mandawala sued again—this time, in federal district court—raising at least eleven claims.  Among them were racial and sex

No. 20-50981

discrimination, fraudulent misrepresentation, breach of contract, conversion, defamation, intentional infliction of emotional distress, and violations of the First and Twenty-Sixth Amendments.[1]

The complaint also added the school's attorney, Blaine Holbrook, as a defendant. Just before the state-court hearing, Mandawala claimed, Holbrook left the courtroom with a stack of documents and returned empty-handed. A few minutes later, the judge entered the courtroom with a document that, like Holbrook's, bore a colorful post-it note. Mandawala concluded that Holbrook had given that document to the judge to rig the hearing against him. He sued Holbrook, claiming that Holbrook conspired with the state judge to deny him his civil rights and his right to a fair trial. The defendants promptly replied with a motion to dismiss.

Nearly two months later, and without seeking leave of court, Mandawala amended his complaint to add claims against Holbrook's colleague, Nicki Elgie. After implicating Elgie in Holbrook's alleged conspiracy, Mandawala's late filing accused Elgie of filing motions late with intent to violate his constitutional rights and cause "psychological injury." When the defendants replied that the pleading was tardy, Mandawala filed it again. The district court struck the amended complaint but let the plaintiff file a fourth to correct deficiencies in his earlier pleadings. That new complaint added Tenet, the school's corporate parent,[2] as a defendant. It otherwise restated or clarified old allegations.

Ultimately, the district court dismissed with prejudice nearly all the claims. Against Baptist School, the court dismissed the claims of racial dis-

---

[1] The Twenty-Sixth Amendment states that adult citizens' right to vote "shall not be denied or abridged . . . on account of age." U.S. CONST. amend. XVI, § 1.

[2] So the plaintiff says. The school denies that Tenet is its parent.

crimination, First Amendment retaliation, procedural due process, conversion, defamation, and intentional infliction of emotional distress ("IIED"). The court also rejected all claims arising from the state-court hearing and dismissed the attorney defendants from the suit. When the dust settled, only Mandawala's sex-discrimination and breach-of-contract claims survived. Because Mandawala had never served Tenet, the school's supposed corporate parent, the court dismissed Tenet, leaving Baptist School as the lone defendant. The court then ordered the parties to mediate the surviving claims.

Unhappy with those decisions, Mandawala sought a writ of mandamus, demanding that we disqualify both the district judge and the magistrate judge for bias. Mandawala never explained why we should replace the magistrate judge. As for the district judge, Mandawala claimed that he dismissed the claims relating to the state-court hearing to favor the state district judge, whom the federal judge knew from his time on the state appellate bench. Also motivating dismissal, according to Mandawala, was a friendship between Holbrook (the school's lawyer) and partners of a firm that employed the district judge before he joined the federal bench.

Finally, Mandawala suggested that the district court had applied Baptist law, rather than federal law, and pointed to the judge's membership in the Baptist church as another source of bias. Describing Mandawala's claims as spurious, unfounded, and speculative, we denied the writ. Only then did Mandawala file a recusal motion with the district court. That, too, was denied.

Since we denied the writ, the case has ground to a halt, despite the district judge's best efforts. The judge forged ahead with mediation, setting the first hearing before a new magistrate judge. But months after the date was set, Mandawala told the court that he would refuse to participate, assert-

ing, without basis, that the mediation's "hidden purpose" is "to hurt [his] right to appeal." With progress stalled, the district court stayed the case until further notice.

### B.

Mandawala presents several issues on appeal. His theories fall into four buckets. *First*, Mandawala contests the dismissal of most of his claims against Baptist School. He thinks that we should restore his claims of racial discrimination, First Amendment retaliation, loss of procedural due process, defamation, and intentional infliction of emotional distress.[3] *Second*, Mandawala urges us to restore his claims against Holbrook and Elgie for their alleged misconduct during the state-court proceeding. *Third*, Mandawala disagrees with Tenet's dismissal from the case. And *fourth*, Mandawala renews his complaints about the district judge. He again accuses the judge of bias and demands his recusal. We reject all those arguments and affirm.

### II.

On defendants' motion, the district court dismissed Mandawala's claims against Baptist School of racial discrimination, First Amendment retaliation, loss of procedural due process, defamation, and IIED. We agree and affirm.

We review *de novo* the district court's ruling. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not provide exhaustive detail to avoid dismissal, but

---

[3] The district court also dismissed Mandawala's conversion claim. But Mandawala does not discuss that claim on appeal, so we do not address it here.

the pleaded facts must allow a reasonable inference that the plaintiff should prevail. Facts that only *conceivably* give rise to relief don't suffice. *See id.* at 555. Thus, though we generally take as true what a complaint alleges, we do not credit a complaint's legal conclusions or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## A.

Mandawala says that the district court should not have dismissed his claim of racial discrimination, which he brings under Title VI of the Civil Rights Act of 1964. We disagree.

Federally funded programs may not intentionally discriminate based on race. 42 U.S.C. § 2000d. An official policy of discrimination, such as a university that refuses admission to a racial group's members, breaches that principle. But sometimes, the claimed discrimination does not arise from an official policy. In those cases, the plaintiff must allege that an official knew of the intentional discrimination but refused to stop it despite having authority to do so. *See Gebser v. Lago Vista Ind. Sch. Dist.*, 524 U.S. 274, 290 (1998).

Mandawala is black. He claims that one of his instructors, Debra Forminos, gave him poor grades because of his race. Mandawala proffers three facts to back that claim. First, a former student of the program told him that she felt that Forminos dislikes nonwhite people. Second, Mandawala says that he felt as though he suffered discrimination. Third, after Mandawala sought a transfer to another hospital, Forminos told Melissa Moorman, the clinical coordinator, that she would accept another student to take his place. And that student happened to be white.

This evidence is bare and conclusory and does not come close to allowing a reasonable inference of intentional discrimination. At bottom, Mandawala alleges just that he and a former student felt that Forminos treated nonwhites differently. Subjective belief alone cannot prove inten-

No. 20-50981

tional discrimination. *See, e.g.*, *Mohamed v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 627–28 (N.D. Tex. 2017).

Mandawala also has not shown that any school official knew of intentional discrimination against him and refused to act. Mandawala says that he told a senior faculty member that a former student believed that Forminos had treated her differently because of her race. But even if that faculty member had authority to remedy discriminatory conduct, Mandawala relayed only a student's *feeling* that Forminos disliked nonwhites. That is not evidence of discriminatory conduct. And Mandawala cannot obtain relief unless he shows that Baptist School had actual notice *of a violation*. *See Gebser*, 524 U.S. at 287–91. Neither Mandawala nor anyone else reported racially discriminatory conduct to a school official with power to act. That dooms his claim.

Styling Mandawala's claim as a claim of disparate impact does not change our conclusion. Private plaintiffs cannot bring disparate-impact claims under Title VI. *See Alexander v. Sandoval*, 532 U.S. 275, 291–92 (2001). Mandawala cites *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971), for support. But *Griggs* applied a different part of the Civil Rights Act that does not apply here. *Id.* at 425. And even if a disparate-impact test did apply, Mandawala would not satisfy it.

To show disparate impact, a plaintiff must identify a "facially neutral personnel policy or practice" that disparately impacted members of a protected class. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 275 (5th Cir. 2008). Mandawala never tells us what neutral policy he contests or how it caused his harm. Even if we could graft *Griggs*'s disparate-impact test onto Mandawala's claims, he still would lose.

B.

Mandawala claims that Baptist School unlawfully retaliated against

him for exercising his First Amendment rights. The district court dismissed that claim. We affirm.

To state a claim for First Amendment retaliation, Mandawala must show that Baptist School retaliated against him for constitutionally protected speech. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). That retaliation also must have caused Mandawala's claimed injury. *Id.* (citing *Hartman v. Moore*, 547 U.S. 250, 259 (2006)). That is, Mandawala must plead that the school would not have failed him from the medical sonography program absent his protected speech. *Id.*; *see also Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 285–86 (1977).

Mandawala's retaliation claim boils down to this: A teacher, Chelsea Jackson, instructed him to perform a carotid-artery scan. Mandawala replied that his course of study did not require the scan. So Jackson gave Mandawala a low grade, sought to remove him from the clinical site, and recommended that Baptist School fail him from the program. Mandawala concludes that Baptist School flunked him to punish him for stating his view that the scan was elective. Even if we assumed that the First Amendment could protect Mandawala's statement, his claim would fail.

First, Mandawala has not shown that "the adverse action . . . *would not have been taken* absent the retaliatory motive." *Nieves*, 139 S. Ct. at 1722 (emphasis added). Mandawala claims that the school dismissed him for stating that the scan was elective. But he also has said that the images he took were poor and that he did not study how to take better ones. And his complaint later contends that the school failed Mandawala because a patient said that he had injured her. From those undisputed facts, we cannot infer that Mandawala would have passed the course if he had held his tongue. Of course, Mandawala adequately pleads that his statement *partially* motivated his dismissal. But that ill motive will not suffice because "non-retaliatory

grounds" justified the penalties of which he complains. *See id.* (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)).

Second, Mandawala must show that the *school* had retaliatory intent. *See id.* (requiring a connection between "a *defendant*'s animus" and the plaintiff's injury (emphasis added)). He has not shown that. He has said only that Jackson gave him a low grade and urged the school to fail him. Nowhere does he say that the school failed him because he said that the carotid scans were elective. The school did support its decision to fail Mandawala with emails from Forminos and Jackson. But Mandawala never alleges that those emails offered his statement as the reason he failed. He otherwise offers no evidence that Baptist School flunked him to punish him for stating that he did not have to perform carotid scans. He thus has not met his burden to plead the school's retaliatory intent.

Finally, much as Mandawala tries to frame his statement to Jackson as an "expression of feeling" that enjoys First Amendment protection, his real complaint seems to be that he lost "the right to choose the topic" he wanted to study. Mandawala faults the district court for not seeing a "constitutional" issue in Mandawala's failure to "follow Mrs. Jackson's direction." He protests that Baptist School violated his "constitutional right to choose" his course of study. But the First Amendment confers no such right. We may not treat Mandawala's failure to complete his studies as expressive conduct meriting constitutional protection.[4]

Because Mandawala failed to state a claim for First Amendment retaliation, dismissal with prejudice was proper.

---

[4] *See Voting for Am., Inc. v. Steen*, 732 F.3d 382, 389 (5th Cir. 2013) ("[N]on-expressive conduct does not acquire First Amendment protection whenever it is combined with another activity that involves protected speech.").

No. 20-50981

## C.

Mandawala says that Baptist School violated the Fourteenth Amendment by depriving him of procedural due process. The district court dismissed that claim because Mandawala's complaint showed that he received notice and an opportunity to be heard when the school told him that he had failed the course.

We agree with the district court that the school supplied adequate process. Dismissals for academic cause entitle a student only to an "informal give-and-take" with an administrator. *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 86 (1978) (quoting *Goss v. Lopez*, 419 U.S. 565, 584 (1975)). That is what Mandawala got. As the district court stated, school administrators "met with Mandawala, informed him he failed the course, explained to him why he failed the course, and told him that he would have to retake the course in order for it to count toward his graduation requirements." Such process far exceeds what the Constitution requires.[5]

There is another ground for dismissal: The Fourteenth Amendment applies only to state actors. *See Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 295–98 (2001). Baptist School is a private educational institution. Though it receives public funds, that alone cannot transform it into a state actor. *See, e.g.*, *Rendell-Baker v. Kohn*, 457 U.S. 830, 839–43 (1982).[6] Mandawala presents no other evidence that would support imputing the school's conduct to the government. *Cf. Brentwood Acad.*, 531 U.S. at

---

[5] *See, e.g.*, *Davis v. Mann*, 882 F.2d 967, 975 (5th Cir. 1989); *see also Ekmark v. Matthews*, 524 F. App'x 62, 64 (5th Cir. 2013) (per curiam) (holding that mere notice preceding a dental student's academic dismissal satisfied the Fourteenth Amendment).

[6] *See also Aldridge v. Tougaloo Coll.*, 847 F. Supp. 480, 488 (S.D. Miss. 1994) (holding that federal financial assistance "is entirely not determinative in considering whether there is state action").

No. 20-50981

295–96. So the Fourteenth Amendment does not apply, and no process was due.

## D.

The district court dismissed Mandawala's defamation claim. We concur.

In Texas, a defendant is liable for defamation if he negligently publishes a false statement that defames the plaintiff and causes damage. *D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017). To plead defamation in federal court, a plaintiff generally must specify when and where the statement was published. Otherwise, the claim may be too vague to give adequate notice to the defendant of the claim he must contest.[7]

According to Mandawala, Baptist School's employees defamed him by criticizing him internally. Mandawala highlights three communications: An email from Forminos to Moorman, the clinical coordinator, described Mandawala as a student whom "apparently no one wants." Another message from Forminos relayed that a patient had accused Mandawala of hurting and disrespecting her. Finally, Moorman told faculty that Mandawala was moved from one clinical site "due to his behavior and lack of professionalism." Mandawala says all those statements were false. That may be. But as the district court observed, Mandawala never says that the school's employees shared their criticisms with third parties. Publication is required for the tort of defamation to lie. So his claim must fail.

---

[7] *Cf. Jackson v. Dallas Indep. Sch. Dist.*, No. 98-CV-1079, 1998 U.S. Dist. LEXIS 10328, at *13 (N.D Tex. Jul. 2, 1998) ("Defamation claims must specifically state the time and place of the publication."), *aff'd without opinion*, 232 F.3d 210 (5th Cir. 2000); *Cantu v. Guerra*, No. 20-CV-0746, 2021 U.S. Dist. LEXIS 119681, at *40–42 (W.D. Tex. June 28, 2021).

No. 20-50981

Mandawala ignores that problem.  Instead, he posits that Forminos committed defamation *per se* when she relayed the patient complaint.  Defamation *per se*, he says, requires almost no proof at all—not of damages, time or place, or even publication.  That is inaccurate.[8]  But we will not belabor the demerits of that theory.  Because Mandawala never raised that contention in the district court, he has forfeited it on appeal.  *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (citing *United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017)).

E.

Mandawala claims IIED.  The district court correctly dismissed that claim.  A plaintiff may recover for IIED only when the defendant intentionally or recklessly engaged in "extreme and outrageous" conduct that causes severe emotional distress.[9]  The tort exists to capture acts that are obviously tortious but are so unusual that they evade condemnation on other tort theories.  *See Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998).  Mandawala alleges no such conduct.  His IIED claim duplicates

---

[8] Look no further than *Bentley v. Bunton*, 94 S.W.3d 561 (Tex. 2002), which Mandawala cites for support.  Though finding defamation *per se*, the *Bentley* majority spent dozens of pages studying the tort's other elements.  *Id.* at 577–607.

Defamation *per se* differs from ordinary defamation only as to *damages*.  The law regards statements that are defamatory *per se*, such as accusing a judge of corruption or calling someone a thief, as so egregious that the "jury may presume general damages." John J. Dvorske & Lucas Martin, 50 Tex. Jur. 3d Libel & Slander § 3. But a plaintiff still must prove the other elements of the tort.  Even if Forminos's statement was defamatory *per se*, Mandawala should lose, because he has not pleaded publication.

Plus, the other statements that Mandawala highlights likely do not qualify as defamation *per se*.  *See* 50 Tex. Jur. 3d Libel & Slander § 23.  As to those statements, Mandawala must prove his damages.  Yet he has offered nothing more than conclusory allegations of reputational harm.  Those will not do.

[9] *MVS Int'l Corp. v. Int'l Advert. Sols., LLC*, 545 S.W.3d 180, 203 (Tex. App.—El Paso 2017, no pet.) (citing *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003) (per curiam)).

his others.  His interminable briefing suggests that if he had any viable claim, other tort theories would supply a remedy.

### III.

Mandawala accused Baptist School's lawyers, Holbrook and Elgie, of conspiring with the state judge to deprive him of his constitutional rights. The district court dismissed those claims and both defendants.  On appeal, Mandawala asks us to revive his claims.  We decline.

Let's reprise the plaintiff's wafer-thin allegations.  Start with the claims against Holbrook.  Before the state court hearing, Holbrook left the courtroom with a stack of documents bearing a colorful post-it note.  Minutes later, the judge entered the courtroom with a document that also bore a colorful post-it note.  Mandawala asks us to conclude from this that Holbrook conspired with the state judge to deny him his civil rights and his right to a fair trial.  Mandawala accuses Elgie, the school's other lawyer, of the same conspiracy, even though Mandawala's second complaint admits that Elgie wasn't even present.  Without a shred of evidence, he also claims that Elgie and Holbrook tardily filed and served documents with intent to prejudice his rights.  Finally, Mandawala says that the attorneys violated various state-court filing rules—again with intent to prejudice his rights.

Mandawala seeks relief under 42 U.S.C. §§ 1983, 1985, and 1986.  But none entitles him to relief.  Section 1983 applies only to actions taken "under color of" state law, custom, or usage, which actions deprive the plaintiff of a federal right.  42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). But Elgie and Holbrook are private attorneys.  And private attorneys are not state actors, as we have repeatedly and emphatically held.  *See, e.g.*, *Gipson v. Rosenberg*, 797 F.2d 224, 225 (5th Cir. 1986) (per curiam).  Nor does Mandawala plausibly allege that the attorneys deprived him of his due process rights. Mandawala "was present at the state court hearing and . . . was allowed to

argue" the pending motions.  The state judge ruled only after reviewing the pleadings and hearing the arguments.  After dismissing Mandawala's complaint, the judge reminded him that he could appeal.  In short, no facts show or even suggest that the state court proceedings were unfair.

Mandawala's claims under Sections 1985 and 1986 are even more bizarre.  For instance, both sections require that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" undergirds the conspirators' action.[10]  Mandawala never alleges that Holbrook or Elgie harbored any animus at all, racial or otherwise.  Instead, he suggests that we should impute racial animus to the attorneys just because Mandawala had accused Baptist School of racial discrimination.  That argument, if one could call it that, is jaw-dropping.  It has no support in the caselaw.

We will not prolong our review here.  The district court carefully examined Mandawala's civil rights claims and correctly decided that they merited dismissal with prejudice.  Because no claim against the school's attorneys survived, the district court properly dismissed those defendants from the suit.

## IV.

All the claims that we have addressed were dismissed with prejudice.  Such dismissals have preclusive effect, which means that Mandawala cannot bring them again.[11]  Desiring a fifth bite at the apple, Mandawala protests that dismissal with prejudice is "extreme and rare" and requires a showing of

---

[10] *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (for § 1985's requirements); *see also Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n.3 (5th Cir. 1998) (noting that § 1986 claims cannot survive absent proof of all elements of a § 1985 claim).

[11] *See Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (per curiam) (citing *Williams v. Dallas Cnty. Comm'rs*, 689 F.2d 1212, 1215 (5th Cir. 1982)).

"contumacious conduct or apparent deliberate delays."

Mandawala gets the law backwards. In fact, we presume that a dismissal is *with* prejudice "unless the order explicitly states otherwise." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993). Courts should allow a plaintiff to amend his complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). But once the plaintiff has had a "fair opportunity to make his case," additional pleadings are futile and wasteful. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir. 1986)).

Mandawala has filed four complaints in federal court. He filed the last only after the district court had explained why his previous ones fell short. After so many chances, the district court acted reasonably in refusing another. The court certainly did not abuse its discretion. *Cf. id.* Dismissal with prejudice was proper.

## V.

Mandawala's final complaint named Tenet, which he says is Baptist School's corporate parent, as a defendant, but Mandawala never served Tenet. When the district court asked that Mandawala show cause why Tenet should not be dismissed, Mandawala submitted no evidence of service. Instead, he claimed that service on Baptist School sufficed as service on Tenet and that Tenet, despite never entering an appearance, had waived any objection to personal jurisdiction. That did not satisfy the district judge, who then dismissed Tenet from the suit. Mandawala asks us to drag Tenet back in. We decline. Tenet never was properly served, so dismissal was required.

Serving Baptist School did not serve Tenet. The federal rules authorize two relevant methods of service on a corporation like Tenet: *First*, the plaintiff may serve the corporation per the law of the state where he files the suit. Fed. R. Civ. P. 4(h)(1)(A). In Texas, one may serve a firm by serving

its president, vice president, or registered agent. TEX. BUS. ORGS. CODE §§ 5.201(b) & 5.255. *Second*, the plaintiff may deliver the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). Nothing in the record suggests that Baptist School qualifies under either method of service. Serving the school could not serve Tenet.

Rather than read the service rules, Mandawala skips ahead to Rule 12 and avers that Tenet waived any objection to personal jurisdiction. That is inaccurate. Tenet never appeared in this case. Only Baptist School objected to Tenet's non-service. Nonetheless, Mandawala falsely states that Tenet *did* appear; he questions the district court's impartiality for concluding otherwise. We affirm Tenet's dismissal from the case. Because Tenet was not served and never appeared, that dismissal is without prejudice.[12]

## VI.

Mandawala renews his baseless attacks on the district judge, saying that we must reassign the case because the judge is biased. We warned Mandawala that his claims of bias were "unsupported," "speculative," "spurious," and "plainly insufficient." But Mandawala serves them up again anyway, distorting and misstating the record along the way. Gruel is gruel, no matter the bowl. So we will not disqualify the district judge.

At bottom, Mandawala alleges two sources of bias. First, he says that the adverse rulings of the district judge show his bias. Second, Mandawala conjures that the judge's religion and distant ties to interested parties require his disqualification. Each contention is frivolous. And more troublingly, Mandawala misstates, omits, and distorts the record to pretend support for

---

[12] By this we do not mean to suggest that there would be a viable cause of action against Tenet.

No. 20-50981

his claims.

We turn first to Mandawala's assertion that the district judge's adverse rulings evince bias. As we observed in Mandawala's last appeal, adverse rulings, without more, do not warrant disqualification for bias. It is obvious why: If we credited Mandawala's theory, every judge would have to recuse, because any ruling in a dispute between parties would supply *prima facie* evidence of bias against the loser. Also, as in his mandamus petition, Mandawala advances the judge's adverse rulings as the chief ground for disqualification. But even that evidence is thin. Mandawala devotes eight pages of his brief to the judge's supposed bias. At least half those pages rehash the judge's decision to appoint counsel for him in mediation. But the judge vacated that order at Mandawala's request. Therefore, the lynchpin of Mandawala's claim of bias is a moot point that the trial court resolved *in his favor*. Mandawala never tells us that he prevailed, even though the district judge issued the vacatur a month before Mandawala briefed this appeal.

Mandawala's claims about the district judge's religion have the same defects. Mandawala says that the judge holds a leadership position in a Baptist church. Because Baptist School is affiliated with the Baptist faith, Mandawala concludes that we must disqualify the district judge and reassign the case.

That contention fails both legally and factually. Mandawala cites not one precedent that holds or even suggests that a judge must recuse himself or herself whenever a party appearing before that judge shares his or her religious beliefs. In fact, every source that Mandawala does cite is either irrelevant or contradicts his position.[13]

---

[13] In *Trujillo v. ABA*, 706 F. App'x 868 (7th Cir. 2017) (cited in Mandawala's brief), Trujillo sued the American Bar Association. When he lost, he claimed that the district

No. 20-50981

As for the facts, Mandawala repeatedly asserts that the district judge holds a leadership position in his local church and that the church "is a party in th[e] litigation." Mandawala offers no evidence for either point. The only evidence contradicts his account. Mandawala never sued the judge's church,

---

judge was biased because he was an ABA member. *Id.* at 871. Declaring that argument "meritless," the court held, in three sentences, that recusal was not required. *Id.* The Judicial Conference's Advisory Opinion No. 52 (cited at page 69 of Mandawala's brief) reaches the same conclusion as *Trujillo* and emphasizes that "unwarranted recusal may bring public disfavor to the bench and to the judge." Comm. on Codes of Conduct, Judicial Conference of the United States, Advisory Op. No. 52 (June 2009).

In *Offutt v. United States*, 348 U.S. 11 (1954) (cited in Mandawala's brief), the Supreme Court reviewed a trial judge's decision to hold an attorney in contempt. Throughout the proceedings, the judge, in the jury's presence, screamed at the lawyer, assailed his fitness to practice law, and otherwise revealed extraordinary hostility "with increasing personal overtones." *Id.* at 12. For example, during one heated exchange, the judge told the lawyer that "[i]f you say another word I will have the Marshal stick a gag in your mouth." *Id.* at 16 n.2. From those exchanges, the Supreme Court concluded that the judge's sentence of the attorney might not have been fair. Though not vacating the contempt charge, the Court ordered a different judge to decide an appropriate sentence. *See id.* at 16–18.

In *Liteky v. United States*, 510 U.S. 540 (1994) (cited in Mandawala's brief), the plaintiffs, like Mandawala, presented several of the district judge's rulings as grounds for his disqualification. Also like Mandawala, the plaintiffs presented no evidence that the judge had "reveal[ed] an opinion," *id.* at 555, derived from "knowledge acquired outside [the] proceedings," *id.* at 556. The members of the Court quibbled over the proper basis for dismissing the appeal. But the Court unanimously agreed that "petitioners did not assert sufficient grounds to disqualify the District Judge." *Id.* at 557 (Kennedy, J., concurring in the judgment).

Finally, in *United States v. Jordan*, 49 F.3d 152, 157–58 (5th Cir. 1995) (cited in Mandawala's brief), the district judge did not recuse herself from a criminal case despite her close, decades-long friendship with a lawyer whom the defendant had slandered and harassed with false criminal allegations. Over a dissent, a panel of this court held that the judge should have recused. Her "long, close, and multi-faceted friendship" with a person with whom the defendant had "an extremely hostile relationship," *id.* at 157, suggested that a "reasonable person would question the impartiality of the district judge," *id.* at 158. The dissent disagreed, reasoning that neither circuit nor Supreme Court precedent required recusal. *Id.* at 160 (E. Garza, J., dissenting).

nor does that church have any interest in the case.[14]  Weeks before Manda-wala filed his brief in this court, the district judge stated that he has "never held a leadership position within the church."

All this supplied clear notice that Mandawala's assertions were base-less.  Yet Mandawala urges them again on appeal and omits all contrary facts.  There is more:  After citing as support the order in which the judge denied having any leadership role in the church, Mandawala brazenly states that the district judge "agreed that he is a Baptist church leader."  He did not.

Mandawala alleges two other sources of bias.  The first is a friendship between Holbrook and partners at a firm that employed the district judge for three years or so before he joined the federal bench.  That connection is meaningless.[15]  Mandawala identifies no authority requiring a judge to recuse whenever a friend of a former colleague appears before him.[16]  Mandawala again omits contrary evidence—this time, the district judge's statement that he has "absolutely no recollection of meeting Mr. Holbrook."  The second supposed source of bias is that the district judge and the state judge about

---

[14] Mandawala does not list the district judge's church as an interested party in his brief on appeal.  That underscores his position's absurdity.  Mandawala tells us to disqualify the judge because of his connection with the Baptist church.  But he does not bother to list the church in his brief so that we can decide whether we have connections with the church that would require *our* recusal.

[15] *See, e.g.*, *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1295–96 (5th Cir. 1990).  *See also Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 928–29 (2004) (Scalia, J., sitting as a single Justice) (not recusing despite a cordial friendship and a hunting trip with the defendant, because a reasonable person could not doubt the Justice's impartiality).

[16] That rule, we suspect, would require recusal in a vast number of cases.  After all, only three-and-a-half connections separate the average U.S. Facebook user (a reasonable proxy for the average U.S. person) from all other people in the country.  *See* Sergey Edunov et al., *Three and a Half Degrees of Separation*, Facebook Research (Feb. 4, 2016), https://research.fb.com/blog/2016/02/three-and-a-half-degrees-of-separation.

No. 20-50981

whom Mandawala complains were once colleagues on the state bench. That proves nothing, as we said when we denied Mandawala's mandamus petition. Mandawala points us to no case or other authority that has transformed his frivolous position into a legitimate one between then and now.

No recusal is necessary or appropriate.

\* \* \* \* \*

In summary:

The district court dismissed with prejudice Mandawala's claims against Baptist School of racial discrimination (under Title VI), First Amendment retaliation, loss of procedural due process, defamation, and IIED. We AFFIRM.

The district court dismissed with prejudice Mandawala's claims against Holbrook and Elgie under §§ 1983, 1985, and 1986 and dismissed defendants Holbrook and Elgie. We AFFIRM.

The district court dismissed defendant Tenet for lack of personal service. We AFFIRM that dismissal, without prejudice.

We AFFIRM the denial of Mandawala's recusal motion.