# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2025

Lyle W. Cayce
Clerk

No. 25-10275
Summary Calendar

———————

Deloris Phillips,

*Plaintiff—Appellant*,

*versus*

City of Dallas, Texas; Dallas County, Texas; Estate of
Richard Leon Meankins; Navarro County, Texas,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:25-CV-253

———————————————————

Before Elrod, *Chief Judge*, and Jones and Higginson, *Circuit Judges*.
Per Curiam:[*]

Deloris Phillips seeks to proceed in forma pauperis (IFP) on appeal from the district court's administrative closure of her case pursuant to a previously imposed sanction order and the denial of her motion to proceed

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

IFP on appeal.  Phillips also moves for the appointment of counsel and for the appointment of a special master.

Phillips asserts that the previous sanction order is unjust and that the order was imposed in violation of her equal protection and due process rights. However, she cannot challenge the previous sanction order in the instant appeal.  *See Garcia v. Boldin*, 691 F.2d 1172, 1181 (5th Cir. 1982).  To the extent that Phillips asserts bias on the part of the district court, her contentions fail because they are entirely conclusory and are seemingly based on nothing more than the district court's adverse ruling in the instant case, which, except in circumstances that are not present here, is insufficient to show judicial bias. *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1156–58 (5th Cir. 2021).

Phillips does not meaningfully address the district court's stated reason for administratively closing her case, which was her failure to comply with the previous sanction order by filing a properly titled motion for leave, accompanied by a receipt showing proof of payment of the filing fee and a signed copy of her proposed filing.  Although *pro se* filings are afforded liberal construction, *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Accordingly, Phillips has abandoned any challenge to the district court's rationale for dismissing her case pursuant to the previous sanction order.  *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748.

In light of the foregoing, Phillips fails to demonstrate that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  Accordingly, her motion to proceed IFP on appeal is

No. 25-10275

DENIED, and the appeal is DISMISSED as frivolous. Phillips's motion for the appointment of counsel is DENIED. Her motion for the appointment of a special master is likewise DENIED.

This is at least the second frivolous appeal Phillips has pursued from administrative closures of her civil actions based on the previous sanctions order. *See Phillips v. Tex. Dep't of Ins. Div. of Workers Comp*, No. 24-11020, 2025 WL 1898361, at *1 (5th Cir. July 9, 2025) (unpublished) (dismissing as frivolous Phillips's appeal from district court's administrative closure pursuant to sanction order). Phillips is WARNED that any further filing of repetitious or frivolous appeals may result in the imposition of sanctions against her, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.