# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2025

Lyle W. Cayce
Clerk

———————

No. 24-20447

———————

Antel C. Clark,

*Plaintiff—Appellant*,

*versus*

City of Pasadena; Pasadena Police Department;
Arbors at Town Square Apartments;
Rent Recovery Solutions; Attorney General of Texas,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-4050

———————————————————————

Before Smith, Stewart, and Ramirez, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Antel Clark sued the City of Pasadena, the Pasadena Police Department, Arbors at Town Square Apartments, Rent Recovery Solutions, and the Attorney General of Texas, alleging claims under the U.S. Constitution, the Fair Debt Collection Practices Act, and Texas state law. The district court denied Clark's motions for default judgment and granted each defendant's motion to dismiss. Clark appeals. We affirm.

No. 24-20447

## I.

Clark resided at Arbors at Town Square Apartments ("Arbors") with his son, who was arrested for aggravated armed robbery by the Pasadena Police Department ("PPD"). PPD informed Arbors of the arrest, whereupon Arbors evicted Clark and his son under the terms of the lease prohibiting occupants from engaging in criminal conduct. Clark sought information on his son's arrest from the city and PPD under the Texas Public Information Act. After consulting the Texas Office of the Attorney General, Pasadena denied the request under the law-enforcement exception.

Though all defendants appeared before the district court, filed an answer, or moved to dismiss, Clark asked the court to enter default judgment against each defendant. The court denied all of Clark's motions for default judgment and later granted each defendant's motion to dismiss. Clark appeals those decisions. We review only the denial of default judgment, as Clark has forfeited arguments relating to the motions to dismiss.[1]

## II.

We review a denial of a default judgment for abuse of discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a).

## III.

Clark briefs this court on five issues relating to the denial of default

---

[1] Though "we liberally construe the briefs of pro se appellants," we "require that arguments must be briefed to be preserved." *United States v. Stanford*, 805 F.3d 557, 572 (5th Cir. 2015). None of the five issues briefed by Clark relates to the motions to dismiss. Thus, he has forfeited such arguments. *See id.*

No. 24-20447

judgment.[2]  None of his theories succeeds.

First, Clark asserts that the district court abused its discretion in denying his motion for default judgment against Pasadena and PPD.  But the city and PPD appeared before the district court to request a pre-motion conference or the court's authorization to file a motion to dismiss without a conference.  Because the city and PPD entered a defense, the court did not abuse its discretion in denying default.  *See* Fed. R. Civ. P. 55(a).

Second, Clark claims that the district court abused its discretion in denying his motion for default judgment against the Attorney General.  A defendant targeted for default must have been served with legal process under Rule 4 in order to be held accountable for failing to answer the complaint.  *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999).  But Clark did not properly serve process on the Attorney General, as he personally served the summons, a method not within the scope of Rule 4 or the Texas Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(c); Tex. R. Civ. P. 103.  Because service was not properly effected on the Attorney General, the district court did not abuse its discretion in denying default.

Third, Clark contends that the district court "abused its power" by allowing Daniel Edmunds to represent Arbors despite Edmunds's alleged conflict of interest.  Because Clark did not raise this issue before the district court, it is forfeited.  *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or

---

[2] Though Clark references nine issues in his "Statement of Issues," in the "Argument" section of his brief he consolidates the issues regarding Pasadena (1) and PPD (2) and fails to brief issues regarding Arbors (3), bias in the district court (6), and the district court's holding pending motions as moot (8).  As a result, he has forfeited Issues 3, 6, and 8.  *See Stanford*, 805 F.3d at 572.

by failing to adequately brief the argument on appeal.")

Fourth, Clark avers that the district court abused its discretion in denying his motion for default judgment against Rent Recovery. But Rent Recovery filed an answer—a "pleading" satisfying Rule 55(a)—to Clark's complaint before Clark moved for default. Thus, the court did not abuse its discretion in denying the motion for default.

Fifth, Clark asserts that the district court "abused its power" by adopting the defendants' arguments. But "adverse rulings, without more, do not warrant disqualification for bias." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1156 (5th Cir. 2021). Clark cannot point to any evidence of bias. The transcript of the January 19, 2024, hearing that Clark cites does not indicate any bias toward the defendants but, instead, reflects the immense patience of a district judge explaining his reasoning to a *pro se* litigant.

\* \* \* \* \*

Clark cannot show that the district court abused its discretion in denying default judgment. The judgment is accordingly AFFIRMED.